# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

Theodore Davis,                )
    Plaintiff               )
                        )
                        )    Case No.    CV 04-370 R
v.                             )
                        )
Armstrong Relocation, Lln,     )
Edna Dumas, and the unknown    )
Police Officer who ordered the )
Plaintiff to vacate the property )
as well as the unknown         )
male friends and/or family,    )
hereinafter referred to as the )
unknown Fictitious Parties     )
A, B, and C. Said names will be )
provided to the Court as soon as )
discovered by the Plaintiff.   )
    Defendants.            )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2004 FEB 10 PM 3:59

## COMPLAINT FOR
### BREACH OF CONTRACT, ABUSE OF PROCESS, FRAUD
### UNLAWFUL DETAINER, WRONGFUL EVICTION, SLANDER,
### VIOLATION OF CIVIL RIGHTS, FALSE IMPRISONMENTAND/OR CONVERSION

Comes Now the Plaintiff, Theodore Davis of Montgomery County, complains that Edna Dumas and the unknown agents, employees, law enforcement and/or family members hath unlawfully turned him out of possession and/or unlawfully removed his personal property from said dwelling and continues to withhold from him the possession of certain land, house, and/or personal property which was located in said home/dwelling that is located at 207 Rosedon Drive, Montgomery, Alabama 36116, lying and being in the said county, whereof he prays the possession of and the return of his personal property as well as the home that he was purchasing at the time he was wrongfully as well as forcibly removed from said home by the Defendant, Dumas, and an officer of the Montgomery Police Department acting under color of law.

## FACTS COMMON TO THE PARTIES

1.    The Plaintiff, Theodore Davis, is the purchaser of the premises located at 207 Rosedon Drive, Montgomery, Alabama 36116. Said Plaintiff had been living in said home for ten (10) years prior to the filing of this complaint.

2. The Defendant, Edna Dumas is the party from whom the Plaintiff was purchasing the home for the sum of $60,000.00 at the rate of $500.00 a month.

3. The Defendant, Edna Dumas, currently lives at 36 Jersey Street #9, East Rutherford, N.J. 07073. However, the acts complained of in this complaint took place in the City of Montgomery, Alabama and concerns persons and property subject to the jurisdictions of the State of Alabama, County of Montgomery.

4. The Defendant, Armstrong Relocation, is a business operating in Montgomery, Alabama and the Plaintiff believes that this defendant's agents, employees, or representatives are the parties which removed the belongings of the Plaintiff from the home in Montgomery, Alabama against his will and without proper authority or authorization of the Plaintiff.

5. Said agents, employees, or representatives of the Defendant, Armstrong Relocation set the personal property, clothing, papers, furniture and appliances of the Plaintiff in the yard in front of the house where the property was then taken by unknown persons.

6. The unknown Parties, A, B, and C, are believed to be the agent, employee and/or family members of the Defendant, Dumas, who she used to physically intimidate the Plaintiff.

7. All parties or believed to be above the age of 19 years.

8. Venue is believed to be proper in this Court because the property in question is located in Montgomery, Alabama, and the actions that were taken by the Defendants in this matter all took place in Montgomery County, Alabama.


## FIRST CLAIM FOR RELIEF

### Unlawful Detainer

9. The Plaintiff realleges the statements made prior as if plead in their entirety herein.

10. Plaintiff, Theodore Davis, is the purchaser of the premises located at 207 Rosedon Drive, Montgomery, Alabama 36116 and being more particularly described as follows the "Premises":

11. Plaintiff, as purchaser, and Defendant, as seller, entered into a written purchase to own lease/purchase agreement, the "Lease" of the Premises for a term beginning in 1994 and ending at a undetermined time in the future, in consideration for which Defendant agreed to pay a fee and other charges as set forth in the Lease.

12. A copy of the Lease is not attached to this Complaint as Defendant has kept the copy of said agreement and has destroyed the records that the Plaintiff had on or about the 18th or 19th day of January, 2004.

13. On or about the first part of 1994, Plaintiff who was living in said home as a guest entered into possession of the Premises pursuant to the terms of the Lease/purchase agreement.

14. The Lease provided that Plaintiff make payments in the sum of at least $ 200.00 per month until the sum of $60,000.00 had been paid or until the parties agreed to alter the payment amount by mutual agreement.

15. During the lease, the payment amounts were changed by mutual consent of the parties to $500.00 each month.

16. Plaintiff was making payments as agreed between the parties in a manner that the parties had agreed.

17. However, the Plaintiff has not paid the monthly fee for the period from July, 2003, until present because the parties agreed that she would pick up cash from him when she came to see him. The parties had made this same agreement in the past for periods of time for the Defendants benefit, which he assumed was she was not wanting to show that she received said money on her income.

18. Defendant has never served a default notice of any kind to the Plaintiff.

19. Defendant did not comply with the terms of the default notice in their agreement.

20. Defendant, as required by law of the State of Alabama, has never provided a written notice to vacate or leave the Premises.

21. Defendant instead showed up with three robust young men and ordered the Plaintiff to vacate the property on the morning of July 18, 2004. She advised him that he had to get out now.

22. The Plaintiff called the Montgomery Police Department and requested and officer be dispatched to the premises due to the implied threats to his person by the Defendants and the Co-defendants.

23. The Officer arrived at the home on the morning of January 18, 2004, and reviewed the events between the parties that had lead up to his arrival.

24. Said officer then acting as an officer for the City of Montgomery, under the color of law, advised the Plaintiff that he had five (5) minutes to get his belongings together and get out of the house or he was going to be taken to jail because the Defendant had the deed to the property and that she claimed he had never paid her in payments.

25. The Plaintiff gathered together some of his items in a dazed state of mind because of his fear of being locked up. The Plaintiff left the premises leaving behind his personal belongings, including his clothing, jewelry, his safe (which was locked and which contained a large sum of money and personal papers), his files, tax records and other papers, video tapes, pictures, his furniture and appliances, his medicine, money, and everything that he owned other than

statements being made by the Defendant, Dumas, and should have had notice that they were improperly taking control of a third parties property without permission.

38. The Plaintiff asked if the neighbor would stay there, that he was calling the police. She told him that their was no need to call them that there was one standing there watching what was happening. It turned out to be the same one from Sunday afternoon/evening who made him leave the "premises" without his personal property, other than the property he could carry on his person or in his hands.

39. The Plaintiff asked her to give the phone to the officer. She did, and the Plaintiff asked the officer not to let the people tote his property off.

40. The Officer told him that he did not see anybody toting or taking any of the property off.

41. The phone was handed back to the neighbor, who promptly told the Plaintiff that the officer was not telling the truth, that there were two men loading up the belongings in a truck in front of the officer right that very moment.

42. The Plaintiff's daughter came to Montgomery to try and save some of his property but to no avail. The property had either been taken, trashed, or destroyed. What remained visible was of no value due to the damage caused to it by the abuse and misuse of the Defendants.

43. The Plaintiff later learned from the neighbors and his daughter that the Police officer also took items from the house and put them in his patrol car.

44. The Plaintiff did see a dumpster on the property but would not enter onto the property which the Police Officer had told him not to enter onto again or that he would be locked up for trespassing.

45. Fearing that this would indeed take place the Plaintiff waited until the dumpster was picked up and taken to the city land fill before trying to salvage any items from said dumpster.

46. The Plaintiff went to the land fill and waited on the dumpster to arrive. When said dumpster arrived he got permission from the attendants to check the contents. He found that the items in the dumpster included some of his suits (both new and old) and clothing, and other belongings. All of which had been damaged and/or destroyed by being torn, broken, or having had liquids and other waste products poured on them.

47. The Plaintiff went to the Police station to file a report for his items taken from him by the Defendants and her three unknown friends the following Tuesdays morning. While there he was locked up and charged with trespassing by the officers due to a warrant signed by the Defendant, Dumas, claiming he trespassed onto the property even though he had requested a officer to meet him there and the same officer was present the entire time.

48. The Police refused to allow him to file a warrant for theft of property, stating that this was

a civil matter and that the City could not get involved.

49. The Plaintiff has to appear in Court on the 11th day of February, 2004.

50. The Plaintiff is requesting punitive damages from the Defendants because of the willful and wanton acts of conversion, destruction of his personal property, his denial of as well as invasion of personal rights, false arrest due to fraud and/or abuse of process, which was performed by the Defendants with total disregard of the rights of the Plaintiff and the laws as well as the peace and dignity of the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendants, based on the above pleadings, and he further asks and prays that this Court grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including personal damages, damages for loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

51. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

52. The Plaintiff has done all that he is obligated to do under the terms of the Lease due to the mutual agreement for him to pay the Defendant cash so that she did not have to claim the income.

53. The Defendant Dumas, via her own acts as well as those of her agents have breached said agreement and taken from the Plaintiff the home which he was purchasing, and the contents of said home, as well as the Plaintiffs personal belongings and cash and other papers.

54. Defendant Armstrong Relocation, via their employees and/or agents removed the personal property of the Plaintiff from the "Premises" causing the Plaintiff to suffer damages in this matter.

55. As a result of Defendant's material breach, Plaintiff has been damaged and Defendant therefore owes Plaintiff for the property taken and/or the return of the property to him.

56. The Plaintiff has begun to incur costs to correct or replace the property taken from the Premises, Plaintiff has been damaged and will continue to be damaged in an amount presently unknown in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, based on the above

63.    Plaintiff claims punitive damages because of wilful and wanton acts of the Defendants and her three male friends as well as the agents of the moving company.

WHEREFORE, Plaintiff demands judgment against Defendants, based on the above pleadings, and he further asks and prays that this Court to grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including damages, loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter. Plaintiff further prays for the right to amend the Complaint to recover additional money damages in the event Plaintiff incurs costs to correct conditions constituting unreasonable wear and tear to his property. Plaintiff further prays for statutory interest, for costs, and for such other legal and equitable relief to which Plaintiff may be entitled.

## FOURTH CLAIM FOR RELIEF

### Conversion

64.    The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

65.    On or about the 18th day of January, 2004, in Montgomery County, Alabama, the Defendant converted the following described chattels, (see attached list marked exhibit "A")which is the property of the Plaintiff: all of his personal belongings, papers, clothing, jewelry, records, pictures, tapes, address books, appliances, furniture, medicine, his safe and its contents, money and other personal items.  Said items summarized above or listed in detail as best can be remembered by the Plaintiff as Exhibit "A".

66.    Plaintiff has demanded the return of the said chattels and the Defendants have unlawfully refused to return the same.

67.    Defendant, Armstrong, has stated that they have no record of moving the property. Pictures listed as exhibit "B" clearly show the Defendants moving van as well as their employees present moving the personal property from the house.

68.    The Defendant, Dumas, and the three unknown co-defendants, the agents from Armstrong Relocation, and the Montgomery Police Department via their Officer, have acted together to illegally deprive the Plaintiff from his personal property as well as wrongfully evicting the Plaintiff from the home under the color of law and the threat/promise of locking him up if he came back around the property.  A promise which the Officer kept on the 20th day of January 2004.

69. She has used the Montgomery Police Department to physically lockup the Plaintiff while she continued to dispose of the property of the Plaintiff.

70. Plaintiff claims punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against Defendants, based on the above pleadings, and he further asks and prays that this Court to grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including damages, loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter. Plaintiff further prays for the right to amend the Complaint to recover additional money damages in the event Plaintiff incurs costs to correct conditions constituting unreasonable wear and tear to his property. Plaintiff further prays for costs, and for such other legal and equitable relief to which Plaintiff may be entitled., plus interest at 6% from ...... [date of conversion], plus costs.

## FIFTH CLAIM FOR RELIEF

### Slander

71. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

72. Defendant, Dumas, is individual and a resident of the State of New Jersey with property in Alabama and who for the past several weeks has been living in Alabama.

73. Since the 18th day of January, 2004, the Defendant illegally got the caller ID machine, address books, and other personal records of the Plaintiff and began to call friends and contacts of the Plaintiff making false, libelous and defamatory statements of and concerning the Plaintiff to-wit: that he is gay and that if they had any sexual contact with him that they needed to see a doctor at once and that she had videos of him with the parties.

74. Plaintiff was damaged by said false and defamatory statement as follows:
his friends are calling him upset that he has given out their phone number to this woman. People that he knows, or had called him, or which he had just listed in his book have now been told that he is an unfit diseased person that may have been having improper relationships with their wives or female friends.

75. Plaintiff claims punitive damages of the Defendant. Plaintiff avers that on the 24th day of January, 2004, Plaintiff, pursuant to the Code of Alabama, 1975, requested that Defendant publish a retraction of said statement to the parties and that the cease and decease from calling his contacts and making any further slanderous comments, and that defendant wrongfully refused to retract the same.

76. When the Defendant made said statement, the Defendant knew it was false, or the Defendant made the said statement with reckless and gross disregard as to whether the said statement was true or false.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of Fifty Thousand Dollars ($50,000.00), plus costs.

## SIXTH CLAIM FOR RELIEF

### False Imprisonment

77. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

78. On or about the 20th day of January, 2004, the Defendant in Montgomery County, Alabama, did unlawfully cause the Plaintiff to be arrested and imprisoned.

79. As the proximate result of the Defendant having falsely imprisoned the Plaintiff, the Plaintiff was caused to suffer the following injuries and damages: the loss of his freedom, the loss of his property, also, humiliation, embarrassment, and damage to reputation; and reasonable legal fees in obtaining release from custody and defending said false charges.

80. Plaintiff claims punitive damages of the Defendant, Dumas.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of Ten Thousand Dollars ($10,000.00), plus costs.

## SEVENTH CLAIM FOR RELIEF

### Civil Rights Violation

81. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

82. On or about the 18th day of January, 2004, the Defendant, the unknown officer for the City of Montgomery, while acting under color of State law, unlawfully deprived and/or conspired to deprive Plaintiff of Plaintiff's legal rights guaranteed to him by the Constitution and Laws of the United States in that the Officer in exceeding the duties as allowed under the Code of Alabama did improperly deny the Plaintiff of his civil rights, his rights to due process, and his right to peaceful enjoyment of his property.

83. Defendant's said conduct violated 42 U.S.C. § 1983 and/or U.S.C. § 1985.

84. Plaintiff was damaged and/or injured by Defendant's said conduct as follows: The Plaintiff was improperly evicted from his dwelling, he was denied his property by the Officer without due process, his personal property was taken from him without just cause, he was forced to flee for safety because of threats made by the Officer, and the Officer surrendered all of the Plaintiffs property over to another whom had no legal claim to said property.  The Plaintiff

has suffered mental anguish, loss of property, loss of papers and other items that can never be replaced, the Plaintiff has incurred legal expenses as well as other related expenses, such as travel, room and board, food and clothing expense that he would not have incurred if not for the willful and wanton improper acts of the Officer in this matter.

85.    Plaintiff claims attorney's fees and expenses of the Defendant pursuant to 42 U.S.C. § 1988.

86.    Plaintiff claims punitive damages of the Defendant because of the willful, gross and oppressive nature of the Defendant's said conduct.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of the maximum amount allowed by the law plus costs, and attorney's fees. Plaintiff also prays the court for such injunctive, other or different relief as may be just and proper.

## EIGHTH CLAIM FOR RELIEF

### TRO / INJUNCTION

COMES now the Plaintiff, Theodore Davis, and moves this Court to enter an ex parte temporary restraining order / injunction against the Defendant, Edna Dumas, and as grounds shows:

87.    The Plaintiff realleges the statements made prior as if plead in their entirety herein.

88.    The Defendant has gotten control of the property located at 207 Rosedon Drive, Montgomery, Alabama without due process and by abuse of process under the pretext of color of law.

89.    The Defendant is attempting to list said property for sale.

90.    That the Defendant has taken control of the disposed personal property of the Plaintiff who was forced to vacate the premise without due process. (See Exhibit "A")

91.    The Plaintiff believes that the Defendant is attempting to list said property for sale, or she may have already entered into a sales agreement in this matter.

92.    The Defendant has already tricked the Police Department and/or has enlisted the help of and officer in the employ of the City of Montgomery to deprive the Plaintiff of his legal rights and/or freedom, as well as the peaceful use and enjoyment of his property.

93.    Defendant in conjunction with the other Defendants in this matter has already disposed and/or converted the personal property to their own use and benefit. Said actions has damaged the Plaintiff in that he has lost almost everything he has ever owned.

94.    Without this restraining order and/or injunction the Defendant will be further enriched and via fraud cause the Plaintiff to suffer additional damages.

WHEREFORE, the premises considered, your Plaintiff asks this Court to issue an ex parte temporary restraining order and/or injunction, providing:

temporary restraining order and/or injunction, providing:

    i.    The return of his property referenced in Exhibit "A",

    ii.    Stop the sale of the residence that is the dispute of this matter until such time as the Court can hear the evidence of the parties regarding ownership of the home,

    iii.    Require the Defendant to disclose the names and addresses of the parties that she used to remove the Plaintiff from the house he was purchasing,

    iv.    Return any and all papers, documents, bank statements, pictures, video tapes, cash, jewelry, etc. that she has taken that is not listed due to sheer volume of items taken,

    v.    That the Defendant provide copies of her bank statements and records regarding the house and her personal accounts for the past 10 years or from the period that the Plaintiff began to make payments to her for the house and lot.

## NINTH CLAIM FOR RELIEF

### Negligence

95.    The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

96.    On or about the 19th day of January, 2004, while the Plaintiff was not present the employees of the Defendant, Armstrong Relocation (Pat) came onto the property referenced as the "Premises" and proceeded to remove the property of the Plaintiff without his permission and/or consent. Said employees/agents were unknown by the Plaintiff.

97.    The robbery of the Plaintiff was the proximate result of the Defendant's negligent or wanton failure to provide adequate supervision control and security for the acts of their employees/agents.

98.    As a proximate result and/or consequence of the Defendant's said negligence and/or wantonness, the Plaintiff was caused to suffer the following injuries and damages: the lost and destruction of his personal property, clothing, cash, papers, pictures, furniture, appliances, tv's, etc. which he had worked for and collected over the past years of his life.

99.    The items taken have been requested back but the Defendants have refused to return said items or have claimed that they no longer had them in their control.

100.    Because of the Defendant's said wantonness, the defendant's employees/agents have been able to take the property of another and dispose of it, destroy it or just plain give it away. Plaintiff is therefore asking for punitive damages.

101.    The Plaintiff claims punitive damages of the Defendants because of their intentional failure to properly check to see if the property that they were moving was the property of the party asking that said property be relocated.

WHEREFORE, the Plaintiff prays and demands judgment against Defendants individually and jointly in an amount or sum equal to or greater than the maximum amount allowed by the law plus costs, and attorney's fees. Plaintiff also prays the court for such injunctive, other or different relief as may be just and proper including punitive damages.

Done this the _10th_ day of February, 2004.

Theodore Davis, Plaintiff

Before me, a Notary Public in and for said County and State, personally appeared Theodore Davis, who is now known to me and who being by me first duly sworn, deposes and says that he has read the foregoing Motion for Temporary Restraining Order and/or Injunction and that the facts herein are true and correct to the best of his knowledge.

_11-29-04_

My commission expires

Notary

Michael Rountree, (ROU009)

Counsel for the Plaintiff

Of Counsel:

ROUNTREE & ASSOCIATES, P.C.

448 Saint Lukes Drive

Montgomery, Alabama 36117

Phone:        (334) 270-8291

Fax:           (334) 270-8294

STATE OF ALABAMA         )
                              )

MONTGOMERY COUNTY   )

## AFFIDAVIT

I, Theodore Davis, being first duly sworn, depose and say on oath as follows:

1. My name is Theodore Davis.

2. I am the Plaintiff in the above-styled case.

3. I have a lawful right to remain in possession of the premises located at 207 Rosedon Drive, Montgomery, Alabama 36116, and located in the City of Montgomery, County of Montgomery, State of Alabama, because I was making payments as agreed and had been doing so for a period of at least ten (10) years.

4. That I was not served or mailed any letters or notice of foreclosure, notice of eviction, etc.

5. That the property inside said dwelling was mine and not the property of the Defendant, Dumas.

6. That the Defendants, Dumas, the unknown parties and Armstrong Relocation, via their employees/ agents were the parties that caused my property to be removed from the dwelling and that said Defendants actions were intentional, wilful and wanton.

7. That said property taken was the majority of the items that I had been collecting and saving during my lifetime and that some of it not the majority of the items cannot be replaced because of the nature of the items.

8. The majority of the papers, and documents which supported the claims made by me in this matter have been taken by the Defendant and I fear that they may have been destroyed.

9. The Defendant has had me falsely imprisoned and has been slandering my name and casting demeaning remarks about me to other people with the intent to cause me and my character and reputation severe damage.

Further affiant saith not.

Affiant-Defendant

SWORN TO AND SUBSCRIBED BEFORE ME on this *10* day of February, 2004.

Notary Public

Michael Rountree (ROU009)

Of Counsel:

ROUNTREE & ASSOCIATES, P.C.

448 Saint Lukes Drive

Montgomery, Alabama 36117

Phone:        (334) 270-8291

# Service

By personal Service as follows:

Armstrong Relocation Lln
5414 Lamco St.
Montgomery, Al. 36117
279-9822

By Process Server

Edna Dumas
36 Jersey St. #9
East Rutherford, N.J. 07073

Fax:        (334) 270-8294

Kitchen

| | |
|---|---|
| One (1) | Refrigerator |
| One (1) | Med. Chest Freezer (approx. 5ft) |
| One (1) | Kitchen Table with four vinyl chairs |
| One (1) | Washer and Cloths dryer |
| One (1) | Large George Forman Rotisserie |
| One (1) | One General Electric Four Slice Toaster |
| Two (2) | Hamilton Beech Blenders |
| One (1) | Sears Kenmore Microwave |
| One (1) | Westinghouse Coffee Maker (8cups) |

Additional Kitchen Items

Place Settings for 12 people (2)
Grandmother's Antique silver set
Silverware
Utensils
Cookware
Pot and Pans
Bowls (mixing and storing)
Glass baking dishes
Measuring spoons, etc.
Baking ware, special pots industrial style and size.
Recipes some belonging to my Grandmother
Wooden desk,
Three sets of sunflower curtains
Dishrags, towels, can opener,
Glasses, cups, some new and some new (still in the box)
Wine Glasses, Tall short etc.
Three Canister sets



PLAINTIFF'S
EXHIBIT
tabbies
A
1 of 5

**Under the Sink items such as:**

Dish detergent
Pine Sole, Ajax, Floor Wax
Furniture polishes, dust rags, pot scrubbers,
Bug spray
Carpet cleaner
409, etc.

Food:

Two (2)        Standard cabinets full of can
Goods, dry beans and rice.

One (1)          Standard size cabinet full of spices
                 For baking and cooking, including
                 But not limited to wines, sherry,
                 Worshire sauce, a one Steak Sauce,
                 Flour, corn meal, etc.



**Dinning Room**

One Square wooden antique table
One Wood antique Hutch
One Wooden antique China Cabinet
One Crystal Chandelier
One Set of white Lace curtains
One Set of Blue sheer curtains

**Formal Living Room**

One (1)          8ft four pillow antique English sofa
                 One Queen Ann Chair
                 One Entertainment Center with (27" color TV with VCR)
One (1)          Marble top, wooden bottom coffee table
One (1)          Marble top, wooden bottom side table with drawer
One (1)          four feet wooden stand with marble top

**Den**

One (1)          54" Wide Screen Color TV, With Motorola Surround Sound
                 DVD VCR Combination Mavnox Player
One (1)          5ft Tall Fish aquarium
One (1)          Sectional sofa
One (1)          Glass and Wooden Coffee Table (approx. 3ft. X 3ft.)
One (1)          One Gold Framed Mirror over the fireplace (approx. 3'X4')
One (1)          One Wall Grandfather Clock
One (1)          Sonya FM/AM CD and Cassette player with remote control
Two (2)          Kenmore AMPS
Two (2)          Antique cars, numerous pictures, vases and stands.
Two (2)          Brass table lamps
One (1)          Knitted Floor rug (approx. 8X10) and runner (approx 6X2)
One (1)          Bag of VCR tapes
One (1)          Box of assorted CD and DVD disks.

Hall Linen Closet

Four (4)         Brand new Beds in a Bag (given as Christmas gifts)
One (1)          King and full size electric blanket.

One (1)      handmade afghan

Numerous sets of King sheets, pillow cases, blankets
Table Cloths, Napkins and Candleholders
Shower curtains and window curtains including hooks
With matching garbage cans Kleenex holder, etc.

Numerous towels (hands, bath, and face),
One (1) Box   1960's comic books and one box of Baseball and Football cards.

## Storage Room

Three (3)     Department store dress mirrors (3ft. w and 6 ft tall) on metal legs
One (1)       New Square Wooden table no chairs
Three (3)     Cases of Means Shoes.
One (1)       Floor model 1950 AM Record player
One (1)       Box of 45's and 33's
One (1)       8-track tape player table included
One (1)       DJ turntable
One (1)       1940's AM Radio – Floor model
Two (2)       Professional remote control cars
One (1)       chest type files cabinet with wooden to

## Master Bedroom

Military uniforms, awards, medals.
Greyhound plaques (3), awards, one watch, one ring
King Size Bed, Amour, seven-drawer center mirror and corner what not shelves?
27" color TV with VCR and DVD surround sound system
In addition, remote control.
2-ft. high beige combination safe (contents: $9300 in cash and two in checks)
3-gallon fabric bank bag with over $300 in silver and pennies.
Military papers and medals all included in safe.
One (1)       End table
One (1)       Lamp
Numerous diamond and gold rings.
Gold rope necklace, two gold necklaces,
Cuff links (two sets one gold and one silver)
Over 20 bottles of Men's Cologne
4ft. tall gold curio cabinet with three shelves
30 to 40 pairs of shoes
Four pair western booths (brown, black, tan, and burg)
10 Suites – five never worn
50 dress and casual shirts
25 sweaters


PLAINTIFF'S
EXHIBIT
A
3 of 5

$800 inside one pocket of one suite
Bathrobes (4)
One black long men leather coat
One three quarter leather coat brown
Three short leather jackets (two brown and one black)
Eight Sports jackets
35 Dress slacks
10 pairs of jeans
Underwear, socks, handkerchiefs
20 handkerchief tie sets
Seven caps
25 ties
Seven belts
Pictures on the wall one large floral 3 X 3
Gold walk clock and two gold large candle holders
Personal Insurance, Social Security and other vital affects.

Other Items
Two Answering machines
Three Regular and two Cordless phones

**Bed Room (guest)**

One Full size bed with match dresser and hutch with mirror
Two end tables
Two lamps
Pictures, floor mirror in gold frame oval shape and other decorative items
Curtains (one set sheer one set lace)

**Bathroom (2)**

Complete with shower curtains liners, rugs towels and decorations.

Maser bathroom included Shaving, and all personal items, medication, and other personal items. Clippers, Shavers (2), etc.

**Back Porch**

| One (1)   | Restaurant style booth                       |
|-----------|----------------------------------------------|
| Three (3) | Coolers                                      |
| One (1)   | Small wooden table                           |
| One (1)   | 50-gallon barrel barbecue on wheels          |
| One (1)   | Antique peddle sewing machine                |
| One (1)   | 6 ft. weight bench with exercise attachments |



PLAINTIFF'S
EXHIBIT
tabbies
A
4 oF 5

**Storage Shed in Back yard**

Two (2)          Self propel lawnmowers
Two (2)          Gas powered edge hers on wheels
Three (3)        Weed eaters one with a saw attachment
Two (2)          Mechanical toolbox with tools
Assorted gardening tools
Table saw
Two (2)          circular saws
Electric Drills
One (1)          Round glass top table with umbrella and four matching chairs with
reversible cushions.

Two (2) Lawn benches (still in the box)
And assortment of folding and stackable chairs and tables
16" boys bike still in the box


**Household Decorations:**

All family albums and photos,

One (1)          Six foot tall Christmas tree
Five (5)         Boxes of decorations and figures

**PLAINTIFF'S
EXHIBIT**
tabbies
_A_
_5 of 5_







PLAINTIFF'S
EXHIBIT

B

3 of 6



