IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| THEODORE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CV-2004-370 |
| | ) |
| ARMSTRONG RELOCATION. LLN., et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS AND ANSWER

COMES NOW Edna Dumas by and through her attorney and files this Motion to Dismiss to the Complaint, and each count thereof, and states the following grounds:

1. The Complaint fails to state a cause of action.

2. The Complaint is barred by the statute of frauds.

3. The Complaint is barred by the statute of limitations.

4. The Complaint is barred by latches.

5. The Plaintiff's action is barred by the doctrine of clean hands.

6. The Complainant has not offered to do equity.

## ANSWER

Without waiving the foregoing Motion to Dismiss, the Defendant Edna Dumas answers the Complaint as follows:

A. GENERAL

1. The Defendant denies the allegations contained in paragraphs 1, 2, 5 and 6 and demands strict proof thereof.

2. The Defendant admits the allegation contained in paragraph 3.

3. The Defendant neither admits nor denies the allegations contained in paragraphs 4 and 7, but demands strict proof thereof.

4. The Defendant admits the allegation contained in paragraph 8.

5. In answer to paragraph 9 the Defendant alleges and reasserts her answers given to paragraphs 1 through 8 above.

6. The Defendant denies each and every allegation contained in paragraphs 10, 11, 12, 27, 28, 31, 32, 42 and 50, and demands strict proof thereof.

7. The Defendant notes that the Complaint contains an omission of paragraph numbers 13 through 25.

8. The Defendant neither admits nor denies the allegations contained in paragraphs 29, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48 and 49, but demands strict proof thereof.

9. For answer to paragraph 51 the Defendant realleges the answers given to paragraphs 1 through 50 above.

10. The Defendant denies each and every allegation contained in paragraphs 52 through 101 and demands strict proof thereof.

B. AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action.

2. The Complaint fails to state a cause of action from which relief can be granted.

3. The Complaint is barred by the statutes of frauds.

4. The Complaint is barred by the statute of limitations.

5. The Plaintiff has not offered to do equity.

6. The Plaintiff has not come into court with clean hands.

7. Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Claude of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over

broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

    1.    The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

    2.    The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

    3.    The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

    4.    The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

    5.    The procedures permit multiple awards of punitive damages for the same alleged act.

    6.    The procedures permit multiple awards of punitive damages for the same alleged act.

    7.    The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

    8.    The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

Respectfully submitted this __19__ day of __March__ 2004.

**Capell & Howard, P.C.**

By: _George L. Beck Jr._
George L. Beck, Jr. (BEC011)
Attorney for Defendant
P.O. Box 2069
Montgomery, AL 36102-2069

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on the following counsel of record by placing a copy in the United States mail, postage prepaid and properly addressed to them on this __19__ day of __March__, 2004.

Michael Rountree
ROUNTREE & ASSOCIATES, P.C.
448 Saint Lukes Drive
Montgomery, AL 36117

**Capell & Howard P.C.**

By: _George L. Beck Jr._
GEORGE L. BECK, JR. (BEC011)
Post Office Box 2069
150 South Perry Street
Montgomery, AL 36102-2069
(334) 241-8000 - Phone
(334) 241-8291 - Fax