

| | | |
|---|---|---|
| IN RE THE MATTER OF: | § | IN THE CIRCUIT COURT OF |
| | § | MONTGOMERY COUNTY, |
| THEODORE DAVIS, | § | ALABAMA |
|     PLAINTIFF | § | |
| V. | § | |
| ARMSTRONG RELOCATION, LLN, | § | CASE NO.   CV 2004 - 370 |
| EDNA DUMAS | § | |

## OBJECTION TO MOTION
## FOR
## PARTIAL SUMMARY JUDGEMENT

    COMES NOW THE PLAINTIFF by and through his counsel of record and files this Objection to the Defendants Edna Dumas Motion for Partial Summary Judgement, and states the following to the Honorable Court:

1. The Motion filed by the Defendant is another attempt by the Defendant to commit fraud upon the legal system for her personal gain and/or an attempt to cause harm to the Plaintiff by her improper actions in this matter.

2. That the defendant is fully aware that the papers that she is claiming does not exist have been destroyed by her or her agents once she illegally and improperly gained the control of the home and the contents of said home, which is the subject of this dispute.

3. Petitioner claims the doctrine of unclean hands applies to the actions of the Defendant Armstrong and that the willful and wanton wrongful acts that she undertook against the Plaintiff and his property including improper eviction, having him improperly arrested, conversion, fraud, theft of property, slander, destruction of personal property, records, papers and files, and defamation of character to name a few, would bar her from any summary judgement.

4. That there are facts and issues to be decided in this matter currently before this court.

5. That the causes of action claimed by the Plaintiff against the Defendant are valid and actionable under the laws of the State of Alabama and this attempt to have the actions dismissed via a motion for partial summary judgement is unconscionable and should be considered filing of frivolous motions.

6. That the claims made by the defendant in their prior motion to dismiss and now this

motion for partial summary judgement is improper and premature and the Plaintiff is once again objecting to the claims in detail by referencing the prior objections filed by the Plaintiff. The Plaintiff is hereby adopting and incorporating the prior objections by reference and asking the Court to treat them as if they were pled in detail herein in this matter.

7. The Petitioner further states that this motion for partial summary judgement, is once again a willful and wanton attempt by the defendant via her counsel to abuse the system by making false and frivolous claims, motions and/or defenses to cover up her improper and illegal acts.

8. The Petitioner states that the Warranty Deed attached as Exhibit "A" in this motion for partial summary judgement was a valid deed when recorded years ago, and it did reflect the status of the property prior to this dispute and the payments that the Plaintiff made to the Defendant, Armstrong, but that granting summary judgement without hearing evidence of the payments made, the wrongful eviction and/or the destruction of personal property, papers and receipts of the Plaintiff by the Defendant or her agents would be rewarding her for her acts which the Plaintiff alleges was grossly improper.

9. Plaintiff states that this house in question has been his home of record for the past nine to ten (9 - 10) years and that he has made payments toward said home. Without notice or due process, the Defendant tricked or got an officer of the Montgomery Police Department to improperly give her control of the Plaintiffs' home, his personal property, his furniture, food, drinks, clothing, medications, pictures, personal records, receipts, cash, and other valuables or property, including a safe and cash, which the Defendant then disposed of, trashed, and/or gave away or converted to her own use.

10. After all of those acts mentioned above, the defendant has the nerve to state to this Honorable Court that she is entitled to a partial summary judgement because she has a warranty deed to the home and she is willing to make a statement that she never sold the home or transferred the home to the Plaintiff or that she never agreed to sell the home at 207 Rosedon Drive to the Plaintiff.

Wherefore, based on the allegations and/or claims the Plaintiff ask that this Honorable Court deny the Motion for Partial Summary Judgement filed by the Defendant Dumas and grant the Plaintiff the cost of his legal fees in this matter plus any other remedies that the Court feels is proper and just in this matter.

*[signature]*

Michael Rountree, (ROU009)
Counsel for the Plaintiff

Of Counsel:

Rountree & Associates, LLC
448 Saint Lukes Drive
Montgomery, Alabama 36117
Phone:      (334) 270-8291
Fax:         (334) 270-8294

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of May, 2004, served a copy of the foregoing to all known parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid to the following counsel of record for the defendant, Dumas and Armstrong.

| Defendant, Dumas | Defendant, Armstrong Relocation |
|---|---|
| George L. Beck, Jr., Esquire<br>Post Office Box 2069<br>Montgomery, Al. 36102-2069 | Winston Sheehan, Jr., Esquire<br>Ball, Ball, Matthew & Novak, P.A.<br>P.O. Box 2148<br>Montgomery, Al. 36117 |

*[signature]*

OF COUNSEL