

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| Theodore Davis,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Case No.   CV 04-370<br>) |
| Armstrong Relocation, Lln, Edna Dumas,<br>Montgomery Police Department and the unknown<br>Police Officer(s) A,B,C, who ordered the Plaintiff<br>to vacate the property as well as the unknown<br>male friends and/or family, hereinafter referred<br>to as the unknown Fictitious Parties provided to the<br>D,E, and F . Said names will be Court as soon as<br>discovered by the Plaintiff.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AMENDED
### COMPLAINT FOR
#### BREACH OF CONTRACT, ABUSE OF PROCESS, FRAUD
#### UNLAWFUL DETAINER, WRONGFUL EVICTION, SLANDER,
#### VIOLATION OF CIVIL RIGHTS, FALSE IMPRISONMENT AND/OR CONVERSION

Comes Now the Plaintiff, Theodore Davis of Montgomery County, and amends this complaint to identify the unknown parties listed in the original filing of the complaint whose names and/or relationships have now been discovered and the claims against said parties.

Plaintiff now complains that Edna Dumas and her unknown agents, Eddie Woods, the Montgomery Police Department via an Officer Watts and/or other unknown officers of the Montgomery Police Department and/or family members of Edna Dumas or Mr. Woods hath unlawfully turned him out of possession and/or control of his home/dwelling, unlawfully removed his personal property from said home/dwelling and continues to withhold from him the possession of certain land, house, and/or personal property which was located in said home/dwelling that is located at 207 Rosedon Drive, Montgomery, Alabama 36116, lying and being in the said city and county, whereof he prays the possession of and the return of his personal property as well as the home that he was purchasing at the time he was wrongfully as well as forcibly removed from said home by the Defendant, Dumas, and an the officers of the Montgomery Police Department acting under color of law.

### FACTS COMMON TO THE PARTIES

1.  The Plaintiff, Theodore Davis, is the purchaser of the premises located at 207 Rosedon

Drive, Montgomery, Alabama 36116. Said Plaintiff had been living in said home for ten (10) years prior to the filing of this complaint.

2. The Defendant, Edna Dumas is the party from whom the Plaintiff was purchasing the home for the sum of $60,000.00 at the rate of $500.00 a month.

3. The Defendant, Edna Dumas, currently lives at 36 Jersey Street #9, East Rutherford, N.J. 07073. However, the acts complained of in this complaint took place in the City of Montgomery, Alabama and concerns persons and property subject to the jurisdictions of the State of Alabama, County of Montgomery.

4. The Defendant, Armstrong Relocation, is a business operating in Montgomery, Alabama and the Plaintiff believes that this defendant's agents, employees, or representatives are the parties which removed the belongings of the Plaintiff from the home in Montgomery, Alabama against his will and without proper authority or authorization of the Plaintiff.

5. The Defendant, the City of Montgomery Police Department, is an agency of a legal municipality recognized by the State of Alabama.

6. Defendant, Officer Watts is believed to be a lawfully employed officer for the City Police Department who was dispatched in response to a call by the Plaintiff for help of the Police Department on or about the afternoon of January 18, 2004 and who also returned to the property the following day to said property and who allowed the Defendant Dumas to dispose of and/or give away the property of the Plaintiff.

7. Defendants A, B, C, are still unknown at this time even though the Plaintiff has made repeated request to the Montgomery Police Department for the name of the Officer who responded to the call made on January 18, 2004 who evicted the Plaintiff without a hearing or court order or any other legal right to do so. The Montgomery Police Department claim that they have no record or report on file for this call. The police department has refused to provide a copy of the dispatch log for this date for review.

8. Said agents, employees, or representatives of the Defendant, Armstrong Relocation set the personal property, clothing, papers, furniture and appliances of the Plaintiff in the yard in front of the house where the property was then taken by unknown persons.

9. Eddie Woods and the unknown Parties, D, E, and F, are believed to be the agents, employee and/or family members of the Defendant, Dumas, who she used to physically intimidate the Plaintiff and who may have had her instructions represented themselves to other parties as the true and rightful owners of the property. Their names and address will be added or amended to this complaint as soon as the same is discovered.

10. All parties or believed to be above the age of 19 years.

11. Venue is believed to be proper in this Court because the property in question is located in Montgomery, Alabama, and the actions that were taken or which failed to be taken by the Defendants and/or agencies in this matter all took or should have taken place in Montgomery County, Alabama.

## FIRST CLAIM FOR RELIEF
### Unlawful Detainer - Improper Eviction - Practicing Law without a license

9. The Plaintiff realleges the statements made prior as if plead in their entirety herein.
10. Plaintiff, Theodore Davis, is the purchaser of the premises located at 207 Rosedon Drive, Montgomery, Alabama 36116 and being more particularly described as follows the "Premises":
11. Plaintiff, as purchaser, and Defendant, as seller, entered into a written purchase to own lease/purchase agreement, the "Lease" of the Premises for a term beginning in 1994 and ending at a undetermined time in the future, in consideration for which Defendant agreed to pay a fee and other charges as set forth in the Lease.
12. A copy of the Lease is not attached to this Complaint as Defendant has kept the copy of said agreement and has destroyed the records that the Plaintiff had on or about the 18th or 19th day of January, 2004.
13. On or about the first part of 1994, Plaintiff who was living in said home as a guest entered into possession of the Premises pursuant to the terms of the Lease/purchase agreement.
14. The Lease provided that Plaintiff make payments in the sum of at least $ 200.00 per month until the sum of $60,000.00 had been paid or until the parties agreed to alter the payment amount by mutual agreement.
15. During the lease, the payment amounts were changed by mutual consent of the parties to $500.00 each month.
16. Plaintiff was making payments as agreed between the parties in a manner that the parties had agreed.
17. However, the Plaintiff had not paid the monthly fee for the period from July, 2003, until present because the parties agreed that she would pick up cash from him when she came to see him. The parties had made this same agreement in the past for periods of time for the Defendants benefit, which he assumed was she was not wanting to show that she received said money on her income.

18. Defendant has never served a default notice of any kind to the Plaintiff.
19. Defendant did not comply with the terms of the default notice in their agreement.
20. Defendant, as required by law of the State of Alabama, has never provided a written notice to vacate or leave the Premises.
21. Defendant instead showed up with three robust young men and ordered the Plaintiff to vacate the property on the morning of July 18, 2004. She advised him that he had to get out now.
22. The Plaintiff called the Montgomery Police Department and requested and officer be dispatched to the premises due to the implied threats to his person by the Defendants and the Co-defendants.
23. The dispatching officer for the Montgomery Police Department notified an officer of the request and an unknown officer arrived on the scene at 207 Rosedon Drive, Montgomery, Alabama 36116.
24. The Officer A, B, C, arrived at the home on the morning of January 18, 2004, and reviewed the events between the parties that had lead up to the Montgomery Police Department being called and him being dispatched to said address and his arrival thereof.
25. Said officer, an officer of the City of Montgomery police Department, acting under the color of law, advised the Plaintiff that he as a police officer was going to tell him the law. The officer stated that by law the house was hers (Defendant Dumas's) and he had no rights and that under the law he (the Officer) was giving him (Davis) five (5) minutes or until he (the Officer) was ready to go to get his belongings together and get out of the house or he (the Plaintiff) was going to be taken to jail because the Defendant had the deed to the property and that she claimed he had never paid her in payments and therefore she was entitled to the house and the items in the house.
26. The Plaintiff objected but gathered together some of his items in a dazed state of mind, due to his fear of being locked up by the police officer. The Plaintiff left the premises against his will, leaving behind his personal belongings, including his clothing, jewelry, bills, his safe (which was locked and which contained a large sum of money and personal papers), his files, tax records and other papers, video tapes, pictures, his furniture and appliances, his medicine, money, and everything else that he owned other than what he was able to put on and in a small bag because of the improper and unlawful actions of the Officer who ordered him to vacate the house in five (5) minutes stating the law gives the house to the Defendant Dumas.
27. Once outside the Plaintiff again attempted to explain to the Montgomery Police Officer that he had been paying for the home and that he had records to show his payments and that all the clothing, furniture, papers and other materials in the house where his and that the utilities

were in his name alone and had been for years. He was told that by the Officer not to say anything else, that she (the Defendant) had papers showing she owned the house and that he(the Plaintiff) needed to go on before he (the officer) locked the plaintiff up that he had heard enough to decide who got the house.

28. The Defendants continue to unlawfully and forcibly detain and or prevent the Plaintiff from returning to the Premises and/or getting his belongings. Most of said belongings have now been given away to third parties or trashed by the Defendant Dumas and the party using the name Eddie Woods and who has been alleged to have claimed to live at the physical address of the house.

29. Said acts by the Defendants where intentional, wilful and wanton, without legal authority, and in complete violation of the Code of Alabama and are continuing in that the actions of the Defendant are still on going and still causing damage to the Plaintiff.

30. Plaintiff claims Exemplary or punitive damages as well as compensatory damages for the outrageous conduct of the Defendants in this matter in their willfully injuring, damaging, mutilating, defacing, destroying, disposing of, or substantially impairing the use of said property by the Plaintiff without his consent. Plaintiff claims that said damage is aggravated by circumstances of oppression, malice, fraud, violence to his property, wanton and wicked conduct on the part of the defendant, Dumas

31. Plaintiff alleges that the resulting damage caused to him by the Defendant, Dumas was a direct and foreseeable damage caused by the acts of the Montgomery Police Officer who made a legal ruling on the spot and illegally evicted the Plaintiff from the home and forced him to surrender his personal belongings to the Defendant Dumas and the failure of the Montgomery Police Department to properly train and/or supervise or monitor their officers and the actions that their officers take while acting in furtherance of the directives and instructions of the City of Montgomery.

32. The Plaintiff also allege that he has suffered from consequential damages and continues to suffer from consequential damages due to the acts of the officers that evicted him and then allowed the property to be disposed of and/or destroyed, and the improper arresting of him for trespass by the City of Montgomery when he was in the presence of an officer trying to regain his personal property.

WHEREFORE, Plaintiff demands judgment against the Defendants, based on the above pleadings, and he further asks and prays that this Court grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including personal

damages, damages for loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter.

## SECOND CLAIM FOR RELIEF
### Denial of Due Process - Abuse of Process - Wrongful arrest - Conversion

33.   The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

34.   On Sunday (1/18/04) afternoon/evening the Plaintiff contacted the Defendant and requested to get his belongings, she said no, so he called the police station and asked them to meet him at the house so he could attempt to get some of his personal belongings, clothing, cash, papers, and his medicine.

35.   An Officer Watts was dispatched and met him at the house. The Officer tried to get the attention of the Defendants, Dumas and the three unknown parties inside the house. Said Defendants failed to respond to the knocks on the door by the officer. At the suggestion of the Plaintiff the officer went to the rear of the house and discovered that a door was unlocked and open.

36.   The Plaintiff opened the door, the Officer entered the house calling the Defendants name.

37.   The Defendant and her co-defendants suddenly appeared from another room and started yelling and cussing, screaming for them to leave and to get out of the house.

38.   The Officer instructed the Plaintiff to step back outside, which he did. Officer Watts remained inside and talked with the Defendants.

39.   When the officer came out of the house he told the Plaintiff to leave, again without his belongings, cash, papers, clothing, etc. The Defendant, Dumas did gather some of his medications and give them to him.

40.   The Plaintiff asked if he could set up a time for him to get his remaining property. The officer talked to the Defendant, Dumas, and she agreed that the Plaintiff could come and pick up his property on Tuesday (1-20-2004) of that week, but that the Plaintiff must be through by Thursday (1-22-2004).

41.   The Plaintiff then left and went to his sisters home in Birmingham, Alabama.

42.   The following Monday, the Plaintiff got a call in Birmingham, from a neighbor who advised him that the Defendant had a moving company present and that the movers and the Defendants were setting his property out in the yard and that the Defendant, Dumas, had told everybody that they could have the property for free, she just wanted to get rid of it, that it

was not hers.

43. The agents, employees, representatives of the Defendant Armstrong were aware of the statements being made by the Defendant, Dumas, and should have had notice that they were improperly taking control of a third parties property without permission but continued to remove said property from the house.

44. The Plaintiff asked if the neighbor would stay there, that he was calling the police. She told him that their was no need to call them that there was one standing there watching what was happening. It turned out to be the same Officer Watts from Sunday afternoon/evening who made him leave the "premises" without his personal property, other than the med's given to him by the Defendant, Dumas.

45. The Plaintiff asked her to give the phone to the officer. She did, and the Plaintiff asked the officer not to let the people tote his property off.

46. The Officer told him that he did not see anybody toting or taking any of the property off.

47. The phone was handed back to the neighbor, who promptly told the Plaintiff that the officer was not telling the truth, that there were two men loading up the belongings in a truck in front of the officer right that very moment.

48. The Plaintiff's daughter came to Montgomery to try and save some of his property but to no avail. The daughter tried to save the property but the officer would not help her and the remaining property that she could not load on her pickup property was either taken, trashed, or destroyed. What remained visible by the time the Plaintiff arrived was of no value due to the damage caused to it by the abuse and misuse of the Defendants and the refusal of the Police Officer to prevent the property from being taken by parties that he knew did not own the property.

49. The Plaintiff later learned from the neighbors and his daughter that the Police officer Watts also took items from the house and put them in the trunk his patrol car.

50. The Plaintiff did see a dumpster on the property but would not enter onto the property which the Police Officer had told him not to enter onto again or that he would be locked up for trespassing.

51. Fearing that this would indeed take place the Plaintiff waited until the dumpster was picked up and taken to the city land fill before trying to salvage any items from said dumpster.

52. The Plaintiff went to the land fill and waited on the dumpster to arrive. When said dumpster arrived he got permission from the attendants to check the contents. He found that the items in the dumpster included some of his suits (both new and old) and clothing, and other belongings. All of which had been damaged and/or destroyed by being torn, broken, or

having had liquids and other waste products poured on them.

53. The Plaintiff went to the Police station to file a report for his items taken from him by the Defendants and her three unknown friends the following Tuesdays morning. While there he was locked up and charged with trespassing by the detectives due to a warrant having been signed by the Defendant, Dumas, claiming he trespassed onto the property even though he had requested a officer to meet him there and the same officer (Watts) was present the entire time.

54. The Police refused to allow him to file a warrant for theft of property, stating that this was a civil matter and that the City could not get involved. Even though their officers were already involved in the improper eviction, the taking of the Plaintiffs property, the aiding and abating of the Defendant, Dumas in disposing of the Plaintiffs property.

55. The Plaintiff had to appear in Court on the 11th day of February, 2004.

56. The Court found that this was an improper charge, and an improper eviction. Said case was dismissed without the Plaintiff, Davis having to testify in the matter.

57. The Plaintiff is requesting punitive damages from the Defendants because of the willful and wanton acts of conversion, destruction of his personal property, his denial of as well as invasion of personal rights, false arrest and imprisonment due to fraud and/or abuse of process, and denial of due process which was performed by the Defendants with total disregard of the rights of the Plaintiff and the laws as well as the peace and dignity of the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendants, based on the above pleadings, and he further asks and prays that this Court grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including personal damages, damages for loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter.

### THIRD CLAIM FOR RELIEF
#### Breach of Contract

58. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

59. The Plaintiff has done all that he is obligated to do under the terms of the Lease/buy agreement due to the mutual agreement for him to pay the Defendant cash so that she did not have to claim the income.

having had liquids and other waste products poured on them.

53. The Plaintiff went to the Police station to file a report for his items taken from him by the Defendants and her three unknown friends the following Tuesdays morning. While there he was locked up and charged with trespassing by the detectives due to a warrant having been signed by the Defendant, Dumas, claiming he trespassed onto the property even though he had requested a officer to meet him there and the same officer (Watts) was present the entire time.

The Police refused to allow him to file a warrant for theft of property, stating that this was a civil matter and that the City could not get involved. Even though their officers were already involved in the improper eviction, the taking of the Plaintiffs property, the aiding and abating of the Defendant, Dumas in disposing of the Plaintiffs property.

55. The Plaintiff had to appear in Court on the 11th day of February, 2004.

56. The Court found that this was an improper charge, and an improper eviction. Said case was dismissed without the Plaintiff, Davis having to testify in the matter.

57. The Plaintiff is requesting punitive damages from the Defendants because of the willful and wanton acts of conversion, destruction of his personal property, his denial of as well as invasion of personal rights, false arrest and imprisonment due to fraud and/or abuse of process, and denial of due process which was performed by the Defendants with total disregard of the rights of the Plaintiff and the laws as well as the peace and dignity of the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendants, based on the above pleadings, and he further asks and prays that this Court grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including personal damages, damages for loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter.

### THIRD CLAIM FOR RELIEF
### Breach of Contract

58. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

59. The Plaintiff has done all that he is obligated to do under the terms of the Lease/buy agreement due to the mutual agreement for him to pay the Defendant cash so that she did not have to claim the income.

60. The Defendant Dumas, via her own acts as well as those of her agents have breached said agreement and taken from the Plaintiff the home which he was purchasing, and the contents of said home, as well as the Plaintiffs personal belongings and cash and other papers.

61. Defendant Armstrong Relocation, via their employees and/or agents removed the personal property of the Plaintiff from the "Premises" causing the Plaintiff to suffer damages in this matter.

62. As a result of Defendant's material breach, Plaintiff has been damaged and Defendant therefore owes Plaintiff for the property taken and/or the return of the property to him.

63. The Defendant has sold said dwelling and the Plaintiff will not be able to able to receive said dwelling upon the completion of the payment amount due, nor will he be able to get his equity out of said property.

64. The Plaintiff has begun to incur actual damages, consequential damages, and is suffering continuing damages plus he is incurring expenses and costs to correct or replace the property taken from the Premises, Plaintiff has been damaged and will continue to be damaged in an amount presently unknown in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, based on the above pleadings, and he further asks and prays that this Court to grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including damages, loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter. Plaintiff further prays for the right to amend the Complaint to recover additional money damages in the event Plaintiff incurs costs to correct conditions constituting unreasonable wear and tear to his property. Plaintiff further prays for statutory interest, for costs, and for such other legal and equitable relief to which Plaintiff may be entitled.

### FOURTH CLAIM FOR RELIEF
#### Fraud

65. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

66. On or about the first quarter of 1994, Plaintiff and Defendant entered into an written agreement, a copy of which is not attached hereto as an Exhibit because the Defendant, Dumas, has the sole copy of said agreement and via and improper official order of a Police Officer for the City of Montgomery the Defendant, Dumas, has been able to evict, eject and to get improper and illegal control of all of the Plaintiff's property, home furniture, belongings, as well as the personal papers, bank statements, checks, bills, and/or receipts

regarding this transaction or purchase.

67. Defendant breached said agreement by coming to the house on January 18, 2004 and forcibly evicting the Plaintiff under color of law without due process. Said actions were accomplished by fraud of the part of the Defendant Dumas, along with an improper and illegal act by an Officer for the Police Department of Montgomery, Al. Said Plaintiff was evicted and denied access to his personal belongings, papers, medicines, as well as his home.

68. The series of frauds conducted by the Defendants started with the demand to vacate, the representation to the Police Officer that she had never been paid any rent, that she was never tried to sell the home, and that she had the rights to the contents of the home, the removal and destruction of the contents of the home.

69. Defendant never provided any notice to the Plaintiff about the desire for him to vacate the house.

70. Plaintiff claims reasonable attorney fee's of the Defendant due to the wilful and wanton acts of the Defendant and her three male friends who were attempting to scare the Plaintiff as well as the willful destruction, conversion, and taking of the contents of the home by the Defendants.

71. Plaintiff claims punitive damages because of wilful and wanton acts of the Defendants and her three male friends as well as the agents of the moving company.

WHEREFORE, Plaintiff demands judgment against Defendants, based on the above pleadings, and he further asks and prays that this Court to grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including damages, loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter. Plaintiff further prays for the right to amend the Complaint to recover additional money damages in the event Plaintiff incurs costs to correct conditions constituting unreasonable wear and tear to his property. Plaintiff further prays for statutory interest, for costs, and for such other legal and equitable relief to which Plaintiff may be entitled.

### FIFTH CLAIM FOR RELIEF
#### Conversion

72. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

73. On or about the 18th day of January, 2004, in Montgomery County, Alabama, the Defendant

converted the following described chattels, (see attached list marked exhibit "A") which is the property of the Plaintiff: all of his personal belongings, papers, clothing, jewelry, records, pictures, tapes, address books, appliances, furniture, medicine, his safe and its contents, money and other personal items. Said items summarized above or listed in detail as best can be remembered by the Plaintiff as Exhibit "A".

74. Plaintiff has demanded the return of the said chattels and the Defendants have unlawfully refused to return the same.

75. Defendant, Armstrong, has stated that they have no record of moving the property. Pictures listed as exhibit "B" clearly show the Defendants moving van as well as their employees present moving the personal property from the house.

76. The Defendant, Dumas, and the three unknown co-defendants, the agents from Armstrong Relocation, and the Montgomery Police Department via their Officer, have acted together to illegally deprive the Plaintiff from his personal property as well as wrongfully evicting the Plaintiff from the home under the color of law and the threat/promise of locking him up if he came back around the property. A promise which the Officer kept on the 20th day of January 2004.

77. She has used the Montgomery Police Department to physically lockup the Plaintiff while she continued to dispose of the property of the Plaintiff.

78. Plaintiff claims punitive damages of the Defendants because of the Defendants willful and oppressive conduct.

WHEREFORE, Plaintiff demands judgment against Defendants, based on the above pleadings, and he further asks and prays that this Court to grant unto him a sum of money in an amount that the honorable Court finds to be equitable for the damages he has suffered including damages, loss of home and personal property, including of costs, expenses and punitive damages, plus a reasonable sum as attorney's fees in the amount equal to the amount charged by his counsel in this matter. Plaintiff further prays for the right to amend the Complaint to recover additional money damages in the event Plaintiff incurs costs to correct conditions constituting unreasonable wear and tear to his property. Plaintiff further prays for costs, and for such other legal and equitable relief to which Plaintiff may be entitled., plus interest at 6% from ...... [date of conversion], plus costs.

### SIXTH CLAIM FOR RELIEF
#### Slander

79. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

80. Defendant, Dumas, is individual and a resident of the State of New Jersey with property in Alabama and who for the past several weeks has been living in Alabama.

81. Since the 18th day of January, 2004, the Defendant illegally got the caller ID machine, address books, and other personal records of the Plaintiff and began to call friends and contacts of the Plaintiff making false, libelous and defamatory statements of and concerning the Plaintiff to-wit: that he is gay and that if they had any sexual contact with him that they needed to see a doctor at once and that she had videos of him with the parties.

82. Plaintiff was damaged by said false and defamatory statement as follows:
his friends are calling him upset that he has given out their phone number to this woman. People that he knows, or had called him, or which he had just listed in his book have now been told that he is an unfit diseased person that may have been having improper relationships with their wives or female friends.

83. Plaintiff claims punitive damages of the Defendant. Plaintiff avers that on the 24th day of January, 2004, Plaintiff, pursuant to the Code of Alabama, 1975, requested that Defendant publish a retraction of said statement to the parties and that the cease and decease from calling his contacts and making any further slanderous comments, and that defendant wrongfully refused to retract the same.

84. When the Defendant made said statement, the Defendant knew it was false, or the Defendant made the said statement with reckless and gross disregard as to whether the said statement was true or false.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of Fifty Thousand Dollars ($50,000.00), plus costs.

### SEVENTH CLAIM FOR RELIEF
#### False Imprisonment

85. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

86. On or about the 20th day of January, 2004, the Defendant in Montgomery County, Alabama, did unlawfully cause the Plaintiff to be arrested and imprisoned.

87. As the proximate result of the Defendant having falsely imprisoned the Plaintiff, the Plaintiff was caused to suffer the following injuries and damages: the loss of his freedom, the loss of his property, also, humiliation, embarrassment, and damage to reputation; and reasonable legal fees in obtaining release from custody and defending said false charges.

88. Plaintiff claims punitive damages of the Defendant, Dumas.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of Ten Thousand.

Dollars ($10,000.00), plus costs.

### EIGHTH CLAIM FOR RELIEF
#### Civil Rights Violation

89. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

90. On or about the 18th day of January, 2004, the Defendant, the unknown officer for the City of Montgomery, while acting under color of State law, unlawfully deprived and/or conspired to deprive Plaintiff of Plaintiff's legal rights guaranteed to him by the Constitution and Laws of the United States in that the Officer in exceeding the duties as allowed under the Code of Alabama did improperly deny the Plaintiff of his civil rights, his rights to due process, and his right to peaceful enjoyment of his property.

91. Defendant's said conduct violated 42 U.S.C. § 1983 and/or U.S.C. § 1985.

92. Plaintiff was damaged and/or injured by Defendant's said conduct as follows: The Plaintiff was improperly evicted from his dwelling, he was denied his property by the Officer without due process, his personal property was taken from him without just cause, he was forced to flee for safety because of threats made by the Officer, and the Officer surrendered all of the Plaintiffs property over to another whom had no legal claim to said property. The Plaintiff has suffered mental anguish, loss of property, loss of papers and other items that can never be replaced, the Plaintiff has incurred legal expenses as well as other related expenses, such as travel, room and board, food and clothing expense that he would not have incurred if not for the willful and wanton improper acts of the Officer in this matter.

93. Plaintiff claims attorney's fees and expenses of the Defendant pursuant to 42 U.S.C. § 1988.

94. Plaintiff claims punitive damages of the Defendant because of the willful, gross and oppressive nature of the Defendant's said conduct.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of the maximum amount allowed by the law plus costs, and attorney's fees. Plaintiff also prays the court for such injunctive, other or different relief as may be just and proper.

### NINTH CLAIM FOR RELIEF
#### TRO / INJUNCTION

COMES now the Plaintiff, Theodore Davis, and moves this Court to enter an ex parte temporary restraining order / injunction against the Defendant, Edna Dumas, and as grounds shows:

95. The Plaintiff realleges the statements made prior as if plead in their entirety herein.

96. The Defendant has gotten control of the property located at 207 Rosedon Drive, Montgomery, Alabama without due process and by abuse of process under the pretext of color of law.

97. The Defendant is attempting to list said property for sale and as sold said property.

98. That the Defendant has taken control of the disposed personal property of the Plaintiff who was forced to vacate the premise without due process. (See Exhibit "A")

99. The Plaintiff believes that the Defendant is attempting to list said property for sale, or she may have already entered into a sales agreement in this matter.

100. The Defendant has already tricked the Police Department and/or has enlisted the help of and officer in the employ of the City of Montgomery to deprive the Plaintiff of his legal rights and/or freedom, as well as the peaceful use and enjoyment of his property.

101. Defendant in conjunction with the other Defendants in this matter has already disposed and/or converted the personal property to their own use and benefit. Said actions has damaged the Plaintiff in that he has lost almost everything he has ever owned.

102. Without this restraining order and/or injunction the Defendant will be further enriched and via fraud cause the Plaintiff to suffer additional damages.

WHEREFORE, the premises considered, your Plaintiff asks this Court to issue an ex parte temporary restraining order and/or injunction, providing:

    i. The return of his property referenced in Exhibit "A",

    ii. Stop the sale of the residence that is the dispute of this matter until such time as the Court can hear the evidence of the parties regarding ownership of the home,

    iii. Require the Defendant to disclose the names and addresses of the parties that she used to remove the Plaintiff from the house he was purchasing,

    iv. Return any and all papers, documents, bank statements, pictures, video tapes, cash, jewelry, etc. that she has taken that is not listed due to sheer volume of items taken,

    v. That the Defendant provide copies of her bank statements and records regarding the house and her personal accounts for the past 10 years or from the period that the Plaintiff began to make payments to her for the house and lot.

### TENTH CLAIM FOR RELIEF
**Negligence**

103. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

104. On or about the 19th day of January, 2004, while the Plaintiff was not present the employees of the Defendant, Armstrong Relocation (Pat) came onto the property referenced as the

"Premises" and proceeded to remove the property of the Plaintiff without his permission and/or consent. Said employees/agents were unknown by the Plaintiff.

105. The robbery of the Plaintiff was the proximate result of the Defendant's negligent or wanton failure to provide adequate supervision control and security for the acts of their employees/agents.

106. As a proximate result and/or consequence of the Defendant's said negligence and/or wantonness, the Plaintiff was caused to suffer the following injuries and damages: the lost and destruction of his personal property, clothing, cash, papers, pictures, furniture, appliances, tv's, etc. which he had worked for and collected over the past years of his life.

107. The items taken have been requested back but the Defendants have refused to return said items or have claimed that they no longer had them in their control.

108. Because of the Defendant's said wantonness, the defendant's employees/agents have been able to take the property of another and dispose of it, destroy it or just plain give it away. Plaintiff is therefore asking for punitive damages.

109. The Plaintiff claims punitive damages of the Defendants because of their intentional failure to properly check to see if the property that they were moving was the property of the party asking that said property be relocated.

WHEREFORE, the Plaintiff prays and demands judgment against Defendants individually and jointly in an amount or sum equal to or greater than the maximum amount allowed by the law plus costs, and attorney's fees. Plaintiff also prays the court for such injunctive, other or different relief as may be just and proper including punitive damages.

### ELEVENTH CLAIM FOR RELIEF
**Negligence Supervision and/or Training**
**Respondent Superior**
**Abuse of Process**
**False imprisonment**
**Violation of Due Process**

110. The Plaintiff realleges the statements made prior as if plead in their entirety herein below.

111. On or about the 18th day of January, 2004, the Plaintiff called the Montgomery Police Department requesting that an Officer be dispatched to his home due to a dispute between the Plaintiff and the Defendant, Dumas who was being accompanied by a Mr. Eddie Woods

and two other black males who where threatening to throw him out of the house, hurt him and do other damage to him or his property.

112. The dispatcher responded by sending an Officer to the address of the property.

113. The Officer, upon his arrival asked questions and then advised the Plaintiff that the law stated that the Defendant, Dumas as the owner of the property was entitled to the house and the contents and that he would have to leave unless he had a deed to the property. Defendant Dumas is a resident of New Jersey. Plaintiff, Davis is a resident of Alabama and the party whose name the mail came to the house, the utilities are listed, the name that the phone was listed in.

114. The Officer for the Montgomery Police Department made a legal decision and improperly evicted the Plaintiff from his home of ten years over a dispute involving payment of funds.

115. The Montgomery City Police Officer further released the contents of the home to the Defendant by telling the Plaintiff that he had to leave or he would be locked up.

116. The Plaintiff objected and was again told he had no rights unless he could provide a deed to the home in his name. The Officer again told him that he had until he (the Officer) was ready to leave to get together his property that he wanted to take with him or he would lock him up and he would get nothing.

117. The Officer allowed him several minutes and then escorted the Plaintiff off the property and told him not to come back without a police officer or he would be locked up.

118. The Plaintiff left in a daze and went to a friends house to gather his wits and try to get his thoughts together.

119. Later that day, the Plaintiff called the Police Department and asked for an Officer to meet him at the home to help him get his med's and some of his personal belongings.

120. The Police dispatcher dispatched an Officer by the name of Watts to the house.

121. Watts gained access into the house but also allowed the Defendant to retain the house, the personal items, furniture and contents of the house. He also advised the Plaintiff not to come back to this house or he would be locked up.

122. The following day the Plaintiff was contacted by a neighbor and advised that the Defendant was disposing of his property while a police officer was present.

123. The Plaintiff asked if she could give the phone to the officer. The phone was given to the Officer. The Plaintiff then learned that it was the Officer, Watts from the day before who knew that the property belonged to the Plaintiff from statements made the afternoon before. The Plaintiff asked him not to allow people to tote off his property.

124. The Officer informed him that he saw noone taking the property.

125. Plaintiff was informed that the Officer was not telling the truth that men were loading up material in front of him as he was talking to the Plaintiff. The Officer did nothing to stop said taking of the property.

126. The Plaintiff later learned that the Officer took items from the house and placed them in his patrol car.

127. When the Plaintiff arrived and found that his property was disposed of he attempted to file a police report and the Officer Watts not doing anything about the disposal of the property. The Police warrant officer refused to allow him to sign a warrant or to make a claim about the improper acts of the Officer. Instead the Police arrested the Plaintiff for trespass while he was with Officer Watts.

128. The Plaintiff was arrested, locked up, detained against his will, and forced to post a bond before he could be released.

129. The Plaintiff alleges that the failure of the City of Montgomery to properly train and/or supervise their officers resulted in, or allowed the officers to act as judge and jury and further allows them to practice law without a license.

130. Plaintiff further alleges that said failure to properly train and/or supervise has resulted in his damages he has suffered and is continuing to suffer.

131. Plaintiff further alleges that said failure to properly supervise their employees is allowing the Officers to violate the laws of the State of Alabama and to deny the Plaintiff due process.

132. Actions of the City via their agents or failure to act by the City via agents and/or employees resulted in the Plaintiff being falsely imprisoned for improper charges.

133. Actions of the City via their agents/employees or failure to act by the City via agents and/or employees resulted in the Plaintiff having to release his personal property to another party and said property has now been disposed of and is lost to the Plaintiff forever.

134. Plaintiff claims that said acts were wilful, wanton, intentional, and performed with total disregard of the peace and dignity of the laws of the State of Alabama.

135. The robbery of the Plaintiff was the proximate result of the Defendant's negligent or wanton failure to provide adequate supervision control and security for the acts of their employees/agents.

136. As a proximate result and/or consequence of the Defendant's said negligence and/or wantonness, the Plaintiff was caused to suffer the following injuries and damages: the lost and destruction of his personal property, clothing, cash, papers, pictures, furniture, appliances, tv's, etc. which he had worked for and collected over the past years of his life.

137. The items taken have been requested back but the Defendants have refused to return said

items or have claimed that they no longer had them in their control.

138. Because of the Defendant's Watts and the Montgomery Police Department's said wantonness and failure to act, the defendant Dumas via her employees/agents have been able to take the property of another and dispose of it, destroy it or just plain give it away contrary to the laws of the State of Alabama. Plaintiff is therefore asking for punitive damages.

WHEREFORE, the Plaintiff prays and demands judgment against Defendants individually and jointly in an amount or sum equal to or greater than the maximum amount allowed by the law plus costs, and attorney's fees. Plaintiff also prays the court for such injunctive, other or different relief as may be just and proper including punitive damages.

Done this the ___15___ day of July, 2004.

_____
Theodore Davis, Plaintiff

Before me, a Notary Public in and for said County and State, personally appeared Theodore Davis, who is now known to me and who being by me first duly sworn, deposes and says that he has read the foregoing Motion for Temporary Restraining Order and/or Injunction and that the facts herein are true and correct to the best of his knowledge.

___12-8-04_____    _____
My commission expires                          Notary

_____
Michael Rountree, (ROU009)
Counsel for the Plaintiff

Of Counsel:
ROUNTREE & ASSOCIATES, P.C.
448 Saint Lukes Drive
Montgomery, Alabama 36117
Phone:      (334) 270-8291
Fax:        (334) 270-8294

# Service For Amended Parties

By personal Service as follows:

| | |
|---|---|
| City of Montgomery<br>City Clerk's Office<br>103 North Perry Street<br>Montgomery, Al. 36104 | Montgomery Police Department<br>Attn Officer Watts<br>320 North Ripley Street<br>Montgomery, Al. 36104 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15rd day of July, 2004, served a copy of the foregoing to all known parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid to the following counsel of record for the defendant, Dumas and Armstrong.

| | |
|---|---|
| Defendant, Dumas<br><br>George L. Beck, Jr., Esquire<br>Post Office Box 2069<br>Montgomery, Al. 36102-2069 | Defendant, Armstrong Relocation<br><br>Winston Sheehan, Jr., Esquire<br>Ball, Ball, Matthew & Novak, P.A.<br>P.O. Box 2148<br>Montgomery, Al. 36117 |

_____
OF COUNSEL