

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| THEODORE DAVIS, | ) |
| Plaintiff, | ) ) ) ) Case No. CV-2004-370 ) ) |
| ARMSTRONG RELOCATION, LLN, et al., | ) ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Edna Dumas by and through her attorney and and files the following Answer to the Amended Complaint:

### GENERAL

1. The Defendant denies the allegations contained in paragraphs 1, 2, 8 and 9 and demands strict proof thereof.

2. The Defendant admits the allegation contained in paragraph 3 and 11.

3. The Defendant neither admits nor denies the allegations contained in paragraphs 4, 5, 6, 7 and 10 but demands strict proof thereof.

### FIRST CLAIM FOR RELIEF

4. In answer to paragraph 9 in First Claim for Relief, the Defendant alleges and reasserts her answers given to

paragraphs 1 through 11 above.

5. The Defendant notes that the Amended Complaint contains a repeat of numbering paragraphs 9 through 11 in the First Claim for Relief.

6. The Defendant denies each and every allegation contained in paragraphs 10-17, 19 and 28 of the Amended Complaint and demands strict proof thereof.

7. The Defendant neither admits nor denies the allegations contained in paragraphs 18, 20-27 and 29-32 but demands strict proof thereof.

## SECOND CLAIM FOR RELIEF

8. For answer to paragraph 33 the Defendant realleges the answers given to paragraphs 1 through 32 above.

9. The Defendant denies each and every allegation contained in paragraphs 34, 37 and 38 and demands strict proof thereof.

10. The Defendant neither admits nor denies the allegations contained in paragraphs 35-36 and 39-56 but demands strict proof thereof.

## THIRD CLAIM FOR RELIEF

11. For answer to paragraph 58 the Defendant realleges the answers given to paragraphs 1 through 57 above.

12. The Defendant denies each and every allegation contained in paragraphs 59-64 and demands strict proof thereof.

## FOURTH CLAIM FOR RELIEF

13. For answer to paragraph 57 the Defendant realleges the answers given to paragraphs 1 through 56 above.

14. The Defendant notes that the Amended Complaint contains a repeat of numbering paragraphs 57 through 64 in the Fourth Claim for Relief.

15. The Defendant denies each and every allegation contained in paragraphs 58-63 and demands strict proof thereof.

## FIFTH CLAIM FOR RELIEF

16. For answer to paragraph 64 the Defendant realleges the answers given to paragraphs 1 through 63 above.

17. The Defendant denies each and every allegation contained in paragraphs 65-70 and demands strict proof thereof.

## SIXTH CLAIM FOR RELIEF

18. For answer to paragraph 71 the Defendant realleges the answers given to paragraphs 1 through 70 above.

19. The Defendant notes that the Sixth Claim for Relief in the Amended Complaint contains paragraphs 71-74 then paragraphs 64 and 65.

20. The Defendant denies each and every allegation contained in paragraphs 72-74 and 64-65 and demands strict proof thereof.

## SEVENTH CLAIM FOR RELIEF

21. For answer to paragraph 66 in the Seventh Claim for Relief, the Defendant realleges the answers given to paragraphs 1 through 65 above.

22. The Defendant denies each and every allegation contained in paragraphs 67-69 and demands strict proof thereof.

## EIGHTH CLAIM FOR RELIEF

23. For answer to paragraph 70 the Defendant realleges the answers given to paragraphs 1 through 69 above.

24. The Defendant denies each and every allegation contained in paragraphs 71-75 and demands strict proof thereof.

## NINTH CLAIM FOR RELIEF

25. For answer to paragraph 87 the Defendant realleges the answers given to paragraphs 1 through 75 above.

26. The Defendant notes that the Amended Complaint contains a skip in paragraphs numbered 76-86 between the Eighth and the Ninth Claim for Relief.

27. The Defendant denies each and every allegation contained in

paragraphs 88-94 and demands strict proof thereof.

## TENTH CLAIM FOR RELIEF

28. For answer to paragraph 95 the Defendant realleges the answers given to paragraphs 1 through 94 above.

29. The Defendant denies each and every allegation contained in paragraphs 96-101 and demands strict proof thereof.

## ELEVENTH CLAIM FOR RELIEF

30. For answer to paragraph 102 the Defendant realleges the answers given to paragraphs 1 through 101 above.

31. The Defendant neither admits nor denies the allegations contained in paragraphs 103-130 but demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action.
2. The Complaint fails to state a cause of action from which relief can be granted.
3. The Complaint is barred by the statutes of frauds.
4. The Complaint is barred by the statute of limitations.
5. The Plaintiff has not offered to do equity.
6. The Complaint is barred by latches.

7. The Plaintiff has not come into court with clean hands.

8. Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Claude of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

   a. The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

   b. The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

c. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

d. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

e. The procedures permit multiple awards of punitive damages for the same alleged act.

f. The procedures permit multiple awards of punitive damages for the same alleged act.

g. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

h. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

i. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

j. The Complainant has not offered to do equity.

Respectfully submitted this 7th day of October 2004.

By: _____
George L. Beck, Jr. (BEC011)
Attorney for Defendant Dumas
P.O. Box 2069
Montgomery, AL 36102-2069
(334) 241-8000 phone
(334) 241-8291 fax

7

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document on the following counsel of record by facsimile and by placing a copy in the United States mail, postage prepaid and properly addressed to them on this the ____ day of __October_____, 2004.

Michael Rountree
ROUNTREE & ASSOCIATES, P.C.
448 Saint Lukes Drive
Montgomery, AL 36117

C. Winston Sheehan, Jr.
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, AL 36102-2148

**Capell & Howard P.C.**

By: _____
GEORGE L. BECK, JR. (BEC011)