IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISIN

| | |
|---|---|
| **THEODORE DAVIS,** | ) Case No.: 2:05-cv-632-MHT |
| **Plaintiff,** | ) ANSWER OF THE CITY OF MONTGOMERY |
| vs. | ) |
| **ARMSTRONG RELOCATION, Lln, EDNA DUMAS, CITY OF MONTGOMERY, et. al.,** | ) |
| **Defendants** | ) |

COMES NOW the City of Montgomery, Alabama, defendant in the above-entitled action, by and through undersigned counsel, and in answer to Plaintiff's Amended Complaint, states as follows:

1. Defendant denies the material allegations contained in paragraphs 1 through 11 ("Facts Common to the Parties") as well as paragraphs 9 [sic] through 138 (Plaintiff's "First Claim for Relief" through Plaintiff's "Eleventh Claim for Relief"), including duplicate numbered paragraphs 9, 10, and 11 of Plaintiff's "Amended Complaint for Breach of Contract, Abuse of Process, Fraud, Unlawful Detainer, Wrongful Eviction, Slander, Violation of Civil Rights, False Imprisonment and/or Conversion" and, demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

2. Defendant pleads the general issue.

3. Defendant pleads and avers that it is entitled to the discretionary function immunity set out in §6-5-338 Ala. Code (1975) on all state law claims.

4. Defendant pleads and avers that it is entitled to qualified immunity. McCray v. City of Dothan, 2003 WL 23518420, (11th Cir.2003) (Not reported in F.3d)

5. Defendant pleads that the official-capacity lawsuit against Officer S. Watts is

duplicitous as a restatement of the claim made directly against the City of Montgomery and due to be dismissed according the principles laid out in <u>Kentucky v. Graham</u>, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 112 (1985).

      6. To the extent that Plaintiff seeks equitable relief against this defendant, the City of Montgomery avers that the plaintiff comes before this Court with unclean hands.

      7. Defendant pleads and avers that the plaintiff was contributorily negligent.

      8. Defendant pleads the affirmative defense of assumption of the risk.

Defendant reserves the right to amend these answers and affirmative defenses as may be allowed by the Court following the filing of an amended complaint as has been ordered by the court in its July 26th, 2005 Order (document 5).

      Respectfully submitted,


                                                       /s/ Wallace D. Mills
                                                  Wallace D. Mills (MIL 090)
                                                  Assistant City Attorney

OF COUNSEL:
City of Montgomery Attorney's Office
103 N. Perry St.
Montgomery, AL 36104
(334) 241-2050

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. Mail, postage prepaid and properly addressed on this 26th day of July, 2005 to the following:

>Michael Rountree, Esq.
>448 Saint Lukes Dr.
>Montgomery, AL 36117
>
>George L. Beck, Jr. Esq.
>P.O. Box 2069
>Montgomery, AL 36102-2069
>
>Winston Sheehan, Jr. Esq.
>Ball, Ball, Mathews & Novak, P.A.
>P.O. Box 2148
>Montgomery, AL 36117
>
>Jeffrey W. Smith, Esq.
>Slaten & O'Conner, P.C.
>105 Tallapoosa St., Suite 101
>Montgomery, AL 36104
>
>Judy B. Van Heest, Esq.
>Beers Anderson Jackson Patty & Van Heest, P.C.
>P.O. Box 1988
>Montgomery, AL 36102-1988

        /s/ Wallace D. Mills___
      OF COUNSEL