**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | |
|---|---|
| THEODORE DAVIS,        )<br>        Plaintiff,        )<br>v.        )<br>        )<br>ARMSTRONG RELOCATION, LLN,        )<br>EDNA DUMAS, MONTGOMERY POLICE )<br>DEPARTMENT, et al.,        )<br>        )<br>        Defendants.        ) | CIVIL ACTION NO.:  2:05cv632-MHT |

**ANSWER OF INTERVENOR DEFENDANT**
**STATE FARM FIRE AND CASUALTY COMPANY**

**COMES NOW** Intervenor Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), through undersigned counsel and files this its Answer to Plaintiff's Complaint and Complaint and Amended Complaints.

**FIRST DEFENSE**

Intervenor Defendant State Farm alleges that there is no coverage under the applicable policy of insurance for any claims made in Plaintiff's Complaint and Complaint and Amended Complaints.

**SECOND DEFENSE**

Intervenor Defendant State Farm pleads the general issue and denies each and every material allegation of the Plaintiff's Complaint and Complaint and Amended Complaints not herein admitted and demands strict proof thereof.

**THIRD DEFENSE**

Intervenor Defendant State Farm alleges that Plaintiff's Complaint and Amended Complaints fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Intervenor Defendant State Farm avers all applicable affirmative defenses as set forth in Rule 8(c), *F. R. Civ. P.*, in defense of Plaintiff's Complaint and Amended Complaints.

### FIFTH DEFENSE

Intervenor Defendant State Farm responds to the individual Counts of the Complaint and Amended Complaints as follows:

1. Intervenor Defendant State Farm denies that Plaintiff is entitled to the relief sought in its Original Complaint or in his Complaint and Amended Complaints, including the relief sought under the introductory paragraph on page one of the Complaint and Amended Complaints and demands strict proof thereof.

2. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11 under the heading Facts Common To The Parties of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

3. Based upon information and belief, Intervenor Defendant State Farm is without sufficient information to admit or deny the allegations set forth in ¶ 10 under the heading of Facts Common To The Parties in Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

4. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 12, 13, 14, 15, 16, 17, 18,1 9, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 25 under the heading First Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

5. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading First Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

6. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 36, 37, 38, 49, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, and 59 under the heading Second Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

7. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Second Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

8. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 61, 62, 63, 64, 65, 66, and 67 under the heading Third Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

9. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Third Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

10. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 68, 69, 70, 71, 72, 73, and 74 under the heading Fourth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

11. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Fourth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

12. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 75, 76, 77, 78, 79, 80, and 81 under the heading Fifth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

13. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Fifth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

14. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 82, 83, 84, 85, 86, and 87 under the heading Sixth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

15. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Sixth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

16. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 88, 89, 90, and 91 under the heading Seventh Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

17. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Seventh Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

18. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 92, 93, 94, 95, 96 and 97 under the heading Eighth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

19. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Eighth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

20. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 98, 99, 100, 101, 102, 103, 104, and 105 under the heading Ninth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

21. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Ninth Claim For Relief including subparagraphs roman numeral I through v of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

22. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 106, 107, 108, 109, 110, 111, and 112 under the heading Tenth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

23. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Tenth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

24. Intervenor Defendant State Farm denies the allegations set forth in ¶¶ 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, and 141 under the heading Eleventh Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

25. Intervenor Defendant State Farm denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Eleventh Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

### SIXTH DEFENSE

Intervenor Defendant State Farm adopts and incorporates all previous Answers filed by Defendants to Plaintiff's Complaint and Complaint and Amended Complaints.

### SEVENTH DEFENSE

Intervenor Defendant State Farm denies that Plaintiff was injured to the nature and extent claimed and contests damages.

### EIGHTH DEFENSE

Intervenor Defendant State Farm denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages and/or any damages under its policy of insurance.

## NINTH DEFENSE

Intervenor Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Intervenor Defendant under the Constitution of the State of Alabama.

## TENTH DEFENSE

Intervenor Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Intervenor Defendant under the Constitution of the United States of America.

## ELEVENTH DEFENSE

Intervenor Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Intervenor Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## TWELFTH DEFENSE

Intervenor Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Intervenor Defendant under the Sixth Amendment to the Constitution of the United States.

## THIRTEENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    (a)    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are

penal in nature, against a civil Intervenor Defendant upon the Plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

      (b)    The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple Defendants, including Intervenor Defendant State Farm, for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

      (c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a Defendant and/or Intervenor Defendant State Farm, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

      (d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      (e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

      (f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

**FOURTEENTH DEFENSE**

Plaintiff's claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

**FIFTEENTH DEFENSE**

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**SIXTEENTH DEFENSE**

Any award of punitive damages against Intervenor Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

**SEVENTEENTH DEFENSE**

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 ALA. CODE (1975), and is barred.

**EIGHTEENTH DEFENSE**

Any award of punitive damages against Intervenor Defendant State Farm in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of Intervenor Defendant State Farm's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject Intervenor Defendant State Farm to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish Intervenor Defendant State Farm with the intent of changing its lawful conduct in other states; and

(d) It is a violation of Intervenor Defendant State Farm's rights to due process to impose punitive damages which are grossly excessive.

### NINETEENTH DEFENSE

Intervenor Defendant State Farm avers that the filing of this Complaint and Plaintiff's Amended Complaints were more than sixty (60) days after the enactment of the amendment to Code of Alabama § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

### TWENTIETH DEFENSE

Intervenor Defendant State Farm affirmatively avers that the relevant policy of insurance that existed between State Farm and Defendant Edna Dumas is the best evidence of the policy's contents and is pled herein as though copied herein in its entirety. Intervenor Defendant State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions and/or limitations of said policy.

**TWENTY-FIRST DEFENSE**

Intervenor Defendant State Farm denies that it is contractually obligated to Plaintiff under the terms of its policy of insurance.

**RESPECTFULLY SUBMITTED** this 24th day of August, 2005.

/S/ Judy B. Van Heest
_____
**JUDY B. VAN HEEST [LAN062]**
Attorney for Intervenor Defendant
State Farm Fire and Casualty Company

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
 PATTY, & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311         Telephone
(334) 834-5362         Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **ANSWER OF INTERVENOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY** as been served upon all parties to this action by either electronic filing or depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows on this the 24TH day of August, 2005.:

| | |
|---|---|
| Michael Roundtree, Esq. | George L. Beck, Jr., Esq. |
| Roundtree & Associates, LLC | Terrie S. Biggs, Esq. |
| 448 Saint Lukes Drive | Capell & Howard, PC |
| Montgomery, Alabama  36117 | P.O. Box 2069 |
| | Montgomery, Alabama  36102-2069 |

| | |
|---|---|
| Wallace D. Mills, Esq. | Jeffrey W. Smith, Esq. |
| City of Montgomery Attorney's Office | Slaten & O'Connor |
| 103 North Perry Street | 105 Tallapoosa Street, Suite 101 |
| Montgomery, Alabama  36104 | Montgomery, Alabama  36104 |
| | |
| Winston Sheehan, Jr.  Esq. | Michael Roundtree, Esq. |
| Ball, Ball, Mathews, & Novak | Roundtree & Associates, LLC |
| Post Office Box 2148 | 448 Saint Lukes Drive |
| Prattville, Alabama 36117 | Montgomery, Alabama  36117 |

/S/ Judy B.  Van Heest
_____
**OF COUNSEL**