**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **THEODORE DAVIS,** ) | |
| ) | |
|      **Plaintiff,** ) | |
| ) | Case No.: 2:05-cv-632-T |
| vs. ) | |
| ) | |
| **ARMSTRONG RELOCATION, LLC,** ) | |
| **Edna Dumas, et al.** ) | |
| ) | |
|      **Defendants.** ) | |

**ANSWER OF DEFENDANT ARMSTRONG RELOCATION**

    **COMES NOW** the Defendant Armstrong Relocation, LLC (hereinafter "Armstrong"), through undersigned counsel and files this its Answer to Plaintiff's Complaint and Amended Complaints.

    Defendant Armstrong responds to the individual Counts of the Complaint and Complaint and Amended Complaints as follows:

1. Defendant Armstrong denies that Plaintiff is entitled to the relief sought in its Original Complaint or in his Complaint and Amended Complaints, including the relief sought under the introductory paragraph on page one of the Complaint and Amended Complaints and demands strict proof thereof.

2. Defendant Armstrong denies the allegations set forth in ¶¶ 1,2,3,4,5, 6, 7, 8, 9, and 11 under the heading Facts Common To The Parties of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

3. Based upon information and belief, Defendant Armstrong is without sufficient information to admit or deny the allegations set forth in ¶ 10 under the heading of Facts Common To The Parties in Plaintiffs Complaint and Amended Complaints

and demands strict proof thereof.

4. Defendant Armstrong denies the allegations set forth in ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35 under the heading First Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

5. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading First Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

6. Defendant Armstrong denies the allegations set forth in ¶¶ 36, 37, 38, 49, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60 under the heading Second Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

7. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Second Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

8. Defendant Armstrong denies the allegations set forth in ¶¶ 61, 62, 63, 64, 65, 66, and 67 under the heading Third Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

9. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Third Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

10. Defendant Armstrong denies the allegations set forth in ¶¶ 68, 69, 70, 71, 72, 73, and 74 under the heading Fourth Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

11. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Fourth Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

12. Defendant Armstrong denies the allegations set forth in ¶¶ 75, 76, 77, 78, 79, 80, and 81 under the heading Fifth Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

13. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Fifth Claim For Relief of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

14. Defendant Armstrong denies the allegations set forth in ¶¶ 82, 83, 84, 85, 86, and 87 under the heading Sixth Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

15. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Sixth Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

16. Defendant Armstrong denies the allegations set forth in ¶¶ 88, 89, 90, and 91 under the heading Seventh Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

17. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Seventh Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

18. Defendant Armstrong denies the allegations set forth in ¶¶ 92, 93, 94, 95, 96 and 97 under the heading Eighth Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

19. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Eighth Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

20. Defendant Armstrong denies the allegations set forth in ¶¶ 98, 99, 100, 101, 102, 103, 104, and 105 under the heading Ninth Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict proof thereof.

21. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Ninth Claim For Relief including subparagraphs roman numeral I through V of Plaintiff's Complaint and Amended Complaints and demands strict proof thereof.

22. Defendant Armstrong denies the allegations set forth in ¶¶ 106, 107, 108, 109, 110, 111, and 112 under the heading Tenth Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

23. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Tenth Claim For Relief of Plaintiff s Complaint and Amended Complaints and demands strict

proof thereof.

24. Defendant Armstrong denies the allegations set forth in ¶¶ 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, and 141 under the heading Eleventh Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

25. Defendant Armstrong denies that Plaintiff is entitled to the prayer for relief and judgment set forth in the WHEREFORE section under the heading Eleventh Claim For Relief of Plaintiffs Complaint and Amended Complaints and demands strict proof thereof.

## FIRST DEFENSE

The Complaint and Amendments thereto fail to state a cause of action against this Defendant.

## SECOND DEFENSE

Defendant Armstrong pleads the general issue.

## THIRD DEFENSE

Defendant Armstrong denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## FOURTH DEFENSE

Defendant Armstrong denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages and/or any damages.

## FIFTH DEFENSE

The Defendant did not breach any contract. There was no contract by and between the

Pliantiff and this Defendant. There is no privity of contract and the Plaintiff lacks standing to bring this action.

## SIXTH DEFENSE

This Defendant is entitled to the protections of § 7-7-404 of the Code of Alabama (1975, as amended). The Defendant exercised good faith.

## SEVENTH DEFENSE

1. Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiffs.

2. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.  Defendants aver that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

7.  It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

8.  It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

9.  Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    f)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.    Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

    a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

    c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

    e)    The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

    f)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

11.    Plaintiffs' attempt to impose punitive or extracontractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12.     The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13.     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.     The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

**EIGHTH DEFENSE**

This defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

**NINTH DEFENSE**

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

**TENTH DEFENSE**

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision.  See: Honda Motor Company, Ltd. v. Oberg, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

**ELEVENTH DEFENSE**

With respect to the plaintiffs' demands herein for punitive damages, the defendants specifically incorporate by reference any and all standards or limitations regarding the

determination and/or enforceability of punitive damages awards as articulated in <u>BMW of North America v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

## TWELFTH DEFENSE

Defendant avers the Plaintiff's claim for punitive damages is unconstitutional in that it violates the due process clause of the Fourteenth Amendment to the United States Constitution in that it allows for arbitrary changes in permitted punishment for prescribed acts as condemned by the *ex post facto* clause of Article 1, Section 10(1) of the United States Constitution.

## THIRTEENTH DEFENSE

The Defendant avers that the existing law of Alabama with respect to punitive damages is unconstitutional in that it is impermissibly vague and incomprehensible in that no standard is given a jury for determining the amount to be awarded.

## FOURTEENTH DEFENSE

The Defendant avers the plaintiff's claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution prohibition against the imposition of excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 15 of the Constitution of Alabama.

## FIFTEENTH DEFENSE

The Defendant avers that the plaintiff's under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment due process clause of the United States Constitution as it involves state action in arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liability interests.

**SIXTEENTH DEFENSE**

To the extent jury awards future damages, the award must conform with Ala. Code § 6-11-3. In <u>Vaughn v. Oliver</u>, 2001 WL 1143713 (Ala.), the Alabama Supreme Court recently instructed a trial court to amend a judgment to conform with Ala. Code § 6-5-543 (b), which is substantially similar to § 6-11-3. Because, the Alabama Supreme Court had enforced § 6-5-543 (b), this Court should overrule <u>Clark v. Container Corp. Of America, Inc.</u>, 589 So.2d 184 (Ala. 1991) and apply § 6-11-3.

**SEVENTEENTH DEFENSE**

On May 14, 2001, the United States Supreme Court released its decision in <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 121 S. Ct. 1678 (2001), holding that the amount of punitive damages "is not really a fact tried by the jury," and the right to jury trial is therefore not implicated. The Court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The Court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments. It says such punishments should be determined by a Court as a matter of law, rather than by juries as a matter of fact. Thus, Plaintiffs in a civil case do not have the right to trial by jury with respect to punitive damages. The case of <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 121 S. Ct. 1678 (2001), has been endorsed by the Alabama Supreme Court in <u>Horton Homes, Inc. v. Brooks</u>, 832 So. 2d 44 (Ala. 2001).

**EIGHTEENTH DEFENSE**

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**NINETEENTH DEFENSE**

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

                                            /s/ C. Winston Sheehan, Jr.
                                            C. WINSTON SHEEHAN, JR.
                                            Attorney for Armstrong Relocation, LLC

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

## CERTIFICATE OF SERVICE

      I hereby certify that on August 29, 2005, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Michael Rountree
Rountree & Associates, P.C.
448 Saint Luke's Drive
Montgomery, AL 36117

Hon. George L. Beck, Jr.
Post Office Box 2069
Montgomery, AL 36102-2069

Hon. Wallace D. Mills
Assistant City Attorney
103 N. Perry Street
Montgomery, AL 36104

                                            /s/ C. Winston Sheehan, Jr.
                                            OF COUNSEL