IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Theodore Davis, | ) | BRIEF IN SUPPORT OF |
| Plaintiff | ( | COMPLAINT |
| v. | ) | |
| Armstrong Relocation, Lln, | ( | Case No.2:05-cv-632-MHT |
| Edna Dumas, et al | ) | |
| Defendants. | ( | |

## BRIEF IN SUPPORT OF COMPLAINT

Filed by

Michael Rountree (ROU009)

**Rountree & Associates, LLC**

**448 Saint Lukes Drive**

**Montgomery, Al. 36117**

Ph: (334) 270-8291

Fax: (334) 270-8294

**MWRRA@knology.net**

# In the United States District Court
## For the Middle District of Alabama
### Northern Division

| | | |
|---|---|---|
| Theodore Davis, | ) | **BRIEF IN SUPPORT OF** |
| Plaintiff | ( | **COMPLAINT** |
| v. | ) | |
| Armstrong Relocation, Lln, | ( | Case No. 2:05-cv-632-MHT |
| Edna Dumas, et al | ) | |
| Defendants. | ( | |

## BRIEF IN SUPPORT OF COMPLAINT

The Plaintiff, Theodore Davis, via counsel files this, his Brief, in support of his claims made before this Court.

## STATEMENT OF HISTORY AND ISSUES BEFORE THE COURT

The Plaintiff, Theodore Davis, (hereinafter the "Plaintiff"), filed this matter in the Circuit Court of Montgomery County, Alabama on February 10, 2004, Case number CV 2004-370. In the complaint he alleged several acts by the Defendants that violated state law. This action was filed against Armstrong Relocation, Lln, Edna Dumas, City of Montgomery, Officer Watts, and at least four unknown parties. One is believed to be the nephew of Ms. Dumas, a Mr. Eddie Woods, but whose address is unknown, some other parties that came with Mr. Woods and an unknown police officer for the City of Montgomery.

The Plaintiff filed a complaint containing the following state claims against the Defendants

individually as well as jointly for Breach of Contract, Abuse of Process, Unlawful Detainer, Wrongful Eviction, Slander, Violation of Civil Rights by acts under color of state law which also violated 42 U.S.C § 1893 and 1895, False Imprisonment and/or Conversion. The Plaintiff alleged that the Defendants had improperly removed him from his home, taken his property without property order of the Court, given his property to the Defendant Dumas which then disposed of said property while the Officer from the City of Montgomery was present, malicious-prosecution because Dumas had him arrested for trespass (which the Court dismissed upon hearing the evidence presented)as well as the claim she filed with the Sate Court for protection from abuse, which caused him to have to appear for a hearing in the State Court for domestic violence and the restraining order requested to prevent the Plaintiff from returning to his home to retrieve his property.

When these events complained of in the complaint occurred the Plaintiff had living at the premises located at 207 Rosedon Drive, Montgomery, Alabama 36116 for nearly ten years. All utilities was in the name of the Plaintiff. The Defendant, Edna Dumas, currently lives at 36 Jersey Street #9, East Rutherford, N.J. 07073 and is not a resident of the State of Alabama. However, the remaining Defendants are believed to be residents of the State of Alabama, or a business licenced to conduct business in Alabama and the City of Montgomery is a lawful municipality of the State of Alabama. The acts complained of in this complaint took place in the City of Montgomery, Alabama and concerns persons and property subject to the jurisdictions of the State of Alabama, County of Montgomery.

The Defendant, Armstrong Relocation, is a business operating in Montgomery, Alabama and the Plaintiff believes that this defendant's agents, employees, or representatives are the parties which removed the belongings of the Plaintiff from the home in Montgomery, Alabama against his will and without proper authority or authorization of the Plaintiff, are also all residents of the State of

Alabama. The Defendant, Officer Watts is believed to be a lawfully employed officer for the City of Montgomery Police Department, and a resident of the State of Alabama. This Defendant was dispatched by the City of Montgomery Police Department in response to a call by the Plaintiff for help on or about the afternoon of January 18, 2004 and who also returned to the home the following day and placed personal property of the Plaintiff into a car owned by the City of Montgomery. Said Officer also assisted the Defendant Dumas in disposing of said property of the Plaintiff and who advised the Plaintiff that he was present at the home and that he saw no one taking the Plaintiff's property.

Defendants A, B, C, are still unknown at this time even though the Plaintiff has made repeated request to the Montgomery Police Department for the name of the Officer who also responded to the call made on January 18, 2004 who evicted the Plaintiff without a hearing or court order or any other legal right to do so. The Montgomery Police Department claim that they have no record or report on file for this call. The police department has refused to provide a copy of the dispatch log for review. Agents, employees, or representatives of the Defendant, Armstrong Relocation set the personal property, clothing, papers, furniture and appliances of the Plaintiff in the yard in front of the house where the property was then taken by unknown persons. Witnesses have advised the Plaintiff that they saw the large screen Television and some other components of the entertainment center, as well as the entertainment center loaded onto the moving truck. When the Agents, employees, or representatives of the Defendant, Armstrong Relocation left, said items also left with them. Request has been made for the return of the items but that has been refused by denial of any knowledge of the items being loaded on the truck. Eddie Woods and the unknown Parties, D, E, and F, are believed to be the agents, employee and/or family members of the Defendant, Dumas, who she used to physically intimidate the Plaintiff and who may have had her instructions

represented themselves to other parties as the true and rightful owners of the property.

All parties or believed to be above the age of 19 years. Venue is believed to be proper in this local whether State Court or Federal Court because the property in question was located in Montgomery, Alabama, and the actions that were taken or which failed to be taken by the Defendants and/or agencies in this matter all took or should have taken place in Montgomery County, Alabama. The jurisdiction is believed to be proper in State Court as under the federal system, state courts and federal courts are presumed to have concurrent jurisdiction over cases arising under federal law; Congress, however, may confer upon federal courts exclusive jurisdiction by means of an exclusive statutory directive. Singer v. City of Alabaster 821 So.2d 954(Ala.,2001).; See Offshore Co. v. Mobil Oil Corp 453 U.S. 473, 478, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981)

The Defendant, City of Montgomery, filed Notice of Removal based on 28 U.S.C. § 1441 (a) and § 1441 (c) claiming jurisdiction by the Federal Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## CLAIMS MADE BEFORE THE COURT

In the filing made to the State Court the Plaintiff made eleven separate claims for relief. The claims are outlined as follows:

1.  The first claim for relief under the State Laws, was for Unlawful Detainer, Improper Eviction, and Practicing Law without a license. These claims were made against the Defendants, Edna Dumas, officer Watts, and the unknown officer who assisted in causing Mr. Davis to be removed from his home without any hearing before a said Court.

2.  The second claim for relief was for Denial of Due Process, Abuse of Process, malicious-prosecution due to the wrongful arrest, Wrongful Arrest, and Conversion. This claim was

also claims under State Law and against the officers of the Montgomery Police Department, Ms. Dumas, Eddie Woods(Unknown Party) and Armstrong Relocation and their agents, employee, or representatives. In this claim for relief, Armstrong Relocation and their agents, employee, or representatives, or only subject to the claim for conversion as they had no involvement in the other acts alleged in this section.

3.    The third claim was for breach of contract for the purchase of the home under state law. However this matter has since been dismissed and/or dropped in this matter due to failure to have a copy of the written agreement between the parties.

4.    The fourth claim was for fraud under state law and is against the Defendant Dumas, and the unknown parties including Mr. Woods who accompanied her to the home and for there acts against the Plaintiff which resulted in him be removed from his home and his personal property taken, consumed, destroyed and/or given away without his permission.

5.    The fifth claim was for conversion under state law and was claimed against Ms. Dumas, Armstrong Relocation and their agents, employees, or representatives, the police officers (now believed to be S. Watts and another unknown officer), and the unknown defendants, Eddie Woods and the other unknown parties that whose names and/or addresses have not yet been discovered.

6.    The sixth claim was for Slander under state law and is against Ms Dumas for the things said by her to the parties known and/or unknown to Mr. Davis which she made with the intent to harm his reputation and standing in the society that he is part of and routinely associates himself.

7.    The seventh claim is for false imprisonment under state law and is against Ms. Dumas, the Officers of the Montgomery City Police Department, and the City of Montgomery due to the

failure of the officers and the City to follow reasonable guidelines and/or the City's own policy and procedure as well as the laws of the State of Alabama. This claim also deals with the malicious-prosecution of the Plaintiff by the Defendant. The Courts in Alabama have stated "The elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage." Cutts v. American United Life Ins. Co., 505 So.2d 1211, 1214 (Ala.1987), citing Allen v. Molton, Allen & Williams Realty Co., 495 So.2d 27 (Ala.1986); Johnson v. Haynie, 414 So.2d 946 (Ala.1982); Brown v. Parnell, 386 So.2d 1137 (Ala.1980); S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977); and Sanders v. Davis, 153 Ala. 375, 44 So. 979 (1907). See also Fina Oil & Chem. Co. v. Hood, 621 So.2d 253 (Ala.1993); Delchamps, Inc. v. Larry, 613 So.2d 1235 (Ala.1992).

8.    The eight claim is for civil rights violations under section 42 U.S.C. § 1983 , 1985 which the Plaintiff felt the State Court had concurrent jurisdiction with that of the Federal Courts. This claim applies to the police officers and to Ms. Dumas for the events that they conspired to undertake and did undertake that resulted in the Plaintiff being improperly evicted under state law, having his property seized without a warrant or Court order of the State of Alabama, and said property then being given to her by the Co-defendant(s), the officers for the City of Montgomery. This section also makes claim for attorneys fees under 42 U.S.C. § 1988.

9.    The ninth claim was for a TRO/injunction against the Defendant Dumas which is now moot and has been dismissed.

10.   The tenth claim is for negligence under state law as to Armstrong Relocation, it agents, employees, or representatives.

11.    The final claim, the eleventh claim was for several items as well. Starting with Statutory Negligence, Negligence Supervision and/or Training, Abuse of Process/malicious prosecution, False imprisonment, and Violation of Due Process under state law.

## STATEMENT OF CLAIMS TO BE PROSECUTED UNDER

## 42 U.S.C. § 1893 AND/OR § 1895

The Plaintiff has made several claims which involve just state laws. However, several matters plead before the Court deal with events that fall under the purview of 42 U.S.C. §§ 1983 , 1985 and 1988 or the federal issues relating to this statute. However, the Plaintiff contents that being the State and Federal Courts are Courts which have concurrent jurisdiction over cases arising under federal law filing in State Court is proper in this matter and these issues alone are not enough to remove the matter to Federal Court because there is not complete diversity of citizenship in this matter. In pleading this matter before the State Court the Plaintiff wanted the State Court to understand that he had been damaged by acts of different individuals acting under color of state law. The Plaintiff also contends that the laws of the laws of United States are as much a part of law of Alabama as its own local laws and that he does not believe that Congress has conferred upon the federal courts exclusive jurisdiction by means of an exclusive statutory directive in this matter. The Plaintiff further contends that as the Court stated in <u>Forsyth v. Central Foundry Co.</u> 240 Ala. 277, 198 So. 706 (Ala. 1940), "The principle is well settled and thoroughly understood "that lawful rights of the citizen, whether arising from a legitimate exercise of state or national power, unless excepted by express constitutional limitation or by valid legislation to that effect, are concurrently subject to be enforced in the courts of the state or nation when such rights come within the general scope of the jurisdiction conferred upon such courts by the authority, state or nation, creating them." And in <u>Terrell v. City of Bessemer</u>, 406 So.2d 337, 340 (Ala.1981) the Alabama Supreme Court held that

"courts of this state *must* accept jurisdiction over claims brought under 42 U.S.C. §§ 1893 which affords a cause of action when one is deprived under color of state law of rights secured by federal law, "if a §§ 1983 plaintiff selects a state court as his forum." Terrell v. City of Bessemer, 406 So.2d 337, 340 (Ala.1981) (emphasis added).

Based on the above contentions the Plaintiff plead his complaint intending to remain in the state court and he worded his complaint as he thought was proper based on the ruling in Parker v. Downing 547 So.2d 1180, 1988. In this case the Court stated "By the plain terms of 42 U.S.C. §§ 1988, two--and only two--allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law."

The Plaintiff alleges that he was damaged by the acts of the Defendants Dumas, Watts, and the unknown other officers who improper evicted him from his home and who seized his personal property and surrendered to the Defendant Dumas and her agents, Eddie Woods, and the unknown parties present with her. He further alleges that she then made false claims at the instructions and upon advice of the agents for the City of Montgomery which resulted in the Plaintiff being arrested, falsely imprisoned, slandered. Defending these actions further caused the Plaintiff to incur expenses to post bond, procure legal defense so as to secure his freedom and the clearing of his name and that all these actions are closely joined and are primarily state actions.

The Plaintiff intends to seeks damages against the Defendant, Edna Dumas as an individual, Shelly Watts and the other unknown officer of the Montgomery Police Department as individuals and/or as employee/agents of the City of Montgomery under state law claims as well as 42 U.S.C. § 1983, and 1985, due to the violation of the Plaintiff's rights to maintain his personal property without unjust or improper seizure by State agencies, agents, and/or parties acting under color of law of the State of Alabama, and the violation of the laws of the State of Alabama.

As Section 1983 of 42 U.S.C. provides a civil claim for damages against any person(s) who,

acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). To prevail on a §§ 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Sykes, 13 F.3d at 519.

The Plaintiff claims that the Defendants, Watts, and/or Dumas individually or jointly engaged in the acts of abuse of process, failure to follow the statutory laws of the State of Alabama, engaged in acts of improper eviction, improper seizure of Davis's personal property, conversion, release of said personal property to a third party (Dumas) who had no ownership or right to said property, conversion, false imprisonment, malicious-prosecution, and intentional and wanton denial of his rights to peaceful enjoyment of his property.

In Todd v. Kelley 783 So.2d 31, Ala.Civ.App.,2000, the State Court stated that "[A] suit against a governmental officer 'in his official capacity' is the same as a suit ' "against [the] entity of which [the] officer is an agent,"Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035-2036, n. 55, 56 L.Ed.2d 611 (1978)), and ...victory in such an 'official-capacity' suit 'imposes liability on the entity that [the officer] represents,' Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985)." McMillian v. Monroe County, Alabama, 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (brackets added by the Court in McMillian)." Therefore the Plaintiff feels that he has state action claims against the City based on the acts of the parties in this matter under state law.

## DAMAGES SUFFERED

As a result of the acts that the Defendants engaged in the Plaintiff suffered the loss of almost all of his worldly belongings. His clothes, personal items, his cash in excess of $ 10,000, his family pictures, items of his deceased Father, his papers, his furniture, his keepsakes, his shoes, his gifts given to him by his children, all that a person collects during his life that makes him feel like an

individual was taken from him and given to another. He was slandered and accused of acts that are not normal or natural with other people, accused of having social diseases and spreading them around. He was accused of intending to harm an individual, of trespassing in his own home, he was forced to pay legal fees, pay filing fees, pay bond, defend other false claims made by the Defendant, arrested and embarrassed, as well as suffering mental anguish all because three or four individuals decided that they could make the laws up as they wanted. The Plaintiff has attached a list of items taken from the home. However, this list does not have price on them as the Plaintiff is attempting to get those numbers together at this time.

## LEGAL FEES SOUGHT

The Plaintiff is seeking damages for all his legal fees in this matter under state law theories. However, the Plaintiff feels that the Court should be allowed to award him damages for the seizure of his property, and the damages caused by the acts of the officers in improperly evicting him, then his being falsely arrested. However, the Plaintiff states that these acts should include the recovery of legal fees:

A.    The improper eviction of the Plaintiff from his home without due process or the proper notice being given by Dumas to the Plaintiff.

B.    The failure to require a Court order to evict the Plaintiff.

C.    The taking of the Plaintiff's personal property and giving them to the Defendant Dumas after conferring with her and making some sort of private agreement with her in regards to the property.

D.    The giving of advice that she could file trespass claims against the Plaintiff for being in his home were he had lived for nearly ten (10) years.

E.    The taking of personal belongings from the home of the Plaintiff and not returning them to the Plaintiff.

F.    The meeting with the Defendant Dumas on Tues following the eviction in which it is believed that the Officer agreed to allow the improper taking of the Plaintiffs property from the home and disposing of said property.

G.  The Officer advising the Plaintiff over the phone that no one was taking his property from the home while the Officer was watching the property being loading onto trucks, cars or simply taken from the property.

H.  The taking of video tapes that belonged to the Plaintiff and viewing the same without his permission.

I.  The statement made to the Plaintiff that if he did not leave the home that he would be arrested.

## LIABILITY OF THE CITY OF MONTGOMERY

The actions of the City of Montgomery that the Plaintiff contends is in violation of U.S.C. 42 § 1893 and/or § 1895 is as follows:

A.  The arrest of the Plaintiff by the City for Trespass.

B.  The Failure to investigate the complaints of the Plaintiff that his property had been taken by an officer of the Police Department.

C.  The false imprisonment of the Plaintiff without due and just cause.

D.  The failure to follow policy and/or procedure and investigate or try and recover the property taken from the home of the Plaintiff.

The Plaintiff states that the Defendant, City of Montgomery, would not normally be liable for the acts of the police officers in most cases, as liability cannot result from a theory of respondent superior; rather, it can be imposed only if the acts in question were carried out in "execution of a government's policy or custom". Walker v. City of New York, 974 F.2d 293, 296 (2d Cir. 1992). However, if the City were knowingly and deliberately indifferent to the possibility that its police officers were wont to or failed to abide by the duties imposed on them by the laws of the State of Alabama or the ordinances of the City of Montgomery and that this indifference was demonstrated by the City's failure to exercise reasonable care in investigating claims of police not abiding by said laws or ordinances in order to supervise the officers in the proper police procedure then they could

be found liable. <u>Carnegie v. Miller</u>, 811 F. Supp. 907, 912 (S.D.N.Y. 1993).

The Courts have also held that "statutory negligence" against a municipality, is a valid claim that could apply in this matter. To prevail in this claim, which was alleged in the eleventh claim of the complaint, a plaintiff must first show the existence of a statute creating a mandatory duty to perform. The plaintiff must also demonstrate that he or she is among the class of persons the "statute was enacted to protect"; that the injuries were "of a type contemplated by the statute"; that the defendant "violated the statute"; and that the plaintiff's injuries proximately resulted from the violation. <u>Thetford v. City of Clanton</u>, 605 So.2nd 835,(1992)   Where these elements exist, discretionary-function immunity will not shield the actors or their supervisors from liability.

## QUALIFIED IMMUNITY

In this case currently before the Court the officers for the City of Montgomery engaged in acts that would normally be a discretionary action, responding to a call for assistance that would be considered a dispute and possible domestic disturbance. However, when the officer arrived he decided to perform an eviction and removed the Plaintiff from his home of ten years based on statements from the Defendant, Dumas that she owned the property. She did not have Alabama drivers license, nor did she have proof that she lived in the home. She did have the deed to the home and advised the officer that she wanted the Plaintiff gone from the property.

The Officer did grant her request and decided that he did not need to follow the laws of the State of Alabama and evicted the Plaintiff. He did not allow him to remove his personal property nor did allow the Plaintiff time to seek legal help in this matter. However, he did advise the Plaintiff that the law allowed him and order him to leave his home or lock him up, take his pick. The Plaintiff had no choice but to leave the house or go to jail. This is the first violation of state statutes by the

officer in this matter. These acts also do not reach the level required to be constitutional. The Federal Courts have held that the seizures must have been "reasonable." A seizure of personal property conducted without a warrant is presumptively unreasonable. United States v. Place, 462 U.S. 696 (1983)

In United States v. Place the Supreme Court concluded that personal luggage was an "effect" within the meaning of the Fourth Amendment. See also Bond v. United States, 529 U.S. 334, 336-37 (2000). While Place obviously does not hold that the term "effects" is coterminous with the universe of personal property, the Court's discussion does suggest that all seizures of personal property are subject to the Fourth Amendment's requirements. See Place, 462 U.S. at 701 (stating that "the Court has viewed a seizure of personal property as per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized"). Under the basic reasonableness calculus, a court must "balance the nature and quality of the intrusion on the individual's Fourth Amendment interest against the importance of the governmental interests alleged to justify the intrusion." Id. at 703. Another Court stated that "reasonableness calculus is objective in nature; it does not turn upon the subjective intent of the officer. Cf. Graham v. Connor, 490 U.S. 386, 397 (1989) (stating, in the context of a Fourth Amendment excessive force claim, that "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation")." Therefore, when the officer for the City of Montgomery improperly evicted the Plaintiff, with a signed order of a judge or any hearing in the matter he not only violated state laws but denied the Plaintiff of his rights under federal law. Then allowing the Defendant to take control of the Plaintiff's property without his permission was seizure and/or conversion. Again without a valid Court order the Plaintiff's rights have been violated.

Because of this violation and at least two separate statutes being violated the City of Montgomery should or could be held liable for the acts of the officer.

The Plaintiff then attempted to seek help and relief from the City of Montgomery by contacting the Police Department to report that his property was taken and disposed of and that he needed help to recover the property or that the Defendant Dumas would leave the State. (Which she later did do) Instead of taking his report and investigating the claim the City of Montgomery arrested him for trespass to his own home. This is alleged to be false arrest and malicious prosecution on the part of the Defendant Dumas at the instructions of the Officer from the Montgomery Police Department as his legal advice to the Defendant.

"The elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage." Cutts v. American United Life Ins. Co.,505 So.2d 1211, 1214 (Ala.1987), citing Allen v. Molton, Allen & Williams Realty Co., 495 So.2d 27 (Ala.1986); Johnson v. Haynie, 414 So.2d 946(Ala.1982); Brown v. Parnell, 386 So.2d 1137 (Ala.1980); S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala.1977); and Sanders v. Davis, 153 Ala. 375, 44 So. 979 (1907), See also Fina Oil & Chem. Co. v. Hood, 621 So.2d 253 (ALA1993); Delchamps, Inc. v. Larry 613 So.2d 123 (Ala.1992).

In Hollis v. Brighton 885 So.2d 135 the Court stated that "We therefore restate the rule governing State-agent immunity:"

"A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

(a) making administrative adjudications;

(b) allocating resources;

(c) negotiating contracts;

(d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

In Todd v. Kelley 783 So.2d 31Ala.Civ.App.,(2000) the Court stated "Whether an official

possesses final policymaking authority so as to subject city to liability under 42 U.S.C. § 1893 for

that official's actions, is a question of state law, taking into account the applicable local ordinances

or regulations. 42 U.S.C. § 1893    This Court also stated that "[A] suit against a governmental

officer 'in his official capacity' is the same as a suit ' "against [the] entity of which [the] officer is an

agent," Kentucky v. Graham,473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985)

(quoting Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018,

2035-2036, n. 55, 56 L.Ed.2d 611 (1978)), and ...victory in such an 'official-capacity' suit 'imposes

liability on the entity that [the officer] represents,' Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct.

873, 878, 83 L.Ed.2d 878 (1985)." McMillian v. Monroe County, Alabama, 520 U.S. 781, 785 n. 2,

117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (brackets added by the Court in McMillian ). See also Monell

v. Department of Soc. Serv., 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978);Roberts

v. Joiner, 590 So.2d 195, 203 (Ala.1991)"

    In 101 F.3d 845 (2nd Cir. 12/03/1996) WEYANT v. OKST the Court stated "In general,

public officials are entitled to qualified immunity if (1) their conduct does not violate clearly

established constitutional rights, or (2) it was objectively reasonable for them to believe their acts

did not violate those rights. See, e.g., Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). The

availability of the defense depends on whether "'a reasonable officer could have believed'" his action

"'to be lawful, in light of clearly established law and the information [he] possessed.'" Hunter v.

Bryant, 502 U.S. 224, 227 (1991) (per curiam) (quoting Anderson v. Creighton, 483 U.S. at 641).

Qualified immunity does not protect those who are "'plainly incompetent or those who knowingly

violate the law.'" Hunter v. Bryant, 502 U.S. at 229 (quoting Malley v. Briggs, 475 U.S. 335, 341

(1986))."

    In this case before the Court the Officers either where "plainly incompetent" or they did not

care to follow the law. Taking the Plaintiff's personal property, evicting him and then not filing a report are just mere starting points of the things the Defendants did wrong. And as such, their employer, the City of Montgomery nor the officers are able to claim "Qualified immunity".

## JURISDICTION

In this matter before the Court the Plaintiff intended for this action to be filed in State Court. He filed the claim in State Court. Proper notice was filed to the City that a claim was intended to be filed. The claim was filed and copies were delivered to the Defendants and some discovery was taken in the matter. However, the City was improperly named and served as the Montgomery City Police Department as agent for the City of Montgomery. The City appeared at hearings and claimed improper service. Which was corrected in State Court.

In Forsyth v. Central Foundry Co. 240 Ala. 277, 198 So. 706 (Ala. 1940) the Court stated "The laws of United States are as much a part of law of Alabama as its own local laws." and they then stated " The principle is well settled and thoroughly understood "that lawful rights of the citizen, whether arising from a legitimate exercise of state or national power, unless excepted by express constitutional limitation or by valid legislation to that effect, are concurrently subject to be enforced in the courts of the state or nation when such rights come within the general scope of the jurisdiction conferred upon such courts by the authority, state or nation, creating them." Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 598, 60 L.Ed. 961; Pennsylvania R. Co. v. Puritan Coal Co., 237 U.S. 121, 35 S.Ct. 484, 59 L.Ed. 867; Galveston, H. & San Antonio Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 47 L.Ed. 972; Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833; State of Missouri ex rel. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232; Raisler v. Oliver, 97 Ala. 710, 12 So. 238, 38 Am.St.Rep. 213; Middleton v. St. L. & S. F. R. Co., 228 Ala. 323 (5), 153 So.

256; Lindsey v. Standard Accident Ins. Co., 230 Ala. 633, 162 So. 267; 14 Am.Jur. 440, 441, sec. 247, note 17, et seq.; 21 C.J.S., Courts, §§ 526, p. 797, note 78, p. 798, note 4.

State courts, unlike federal courts, have plenary jurisdiction and are competent to hear all cases, including those involving federal law. General principle of state-court jurisdiction over cases arising under federal laws is that state courts may assume subject matter jurisdiction over federal cause of action absent provision by Congress to the contrary or disabling compatibility between federal claim and state-court adjudication. Absent finding of clear Congressional intent to preempt state courts from hearing actions, the court must presume that complete preemption does not apply. Federal courts are courts of limited jurisdiction. *See,* Kokkonen v. Guardian Life Ins. Co. of Am, 511 U.S. 375, ----, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). *1504 As such, they have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen,* 511 U.S. at ----, 114 S.Ct. at 1675.

The law in the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. As stated by the Court of Appeals, in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994).

In Austin v. American General Finance, Inc. 900 F.Supp. 396 M.D.Ala.,1995 the Court addressed the issues that the Defendant, as party removing action to federal court, has burden of establishing federal jurisdiction. Because removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remanding to state court. Absent diversity of citizenship, federal-question jurisdiction is required for removal to federal court. And the fact that

federal law may be source or basis of state-law claims does not support removal; it is not sufficient that federal issue may arise. The Court stated that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)

## SUMMARY

The Plaintiff states that this matter is a state action that was filed as a state action and that the State Court has jurisdiction of this matter as there is concurrent jurisdiction in this matter and there is not complete diversity of citizenship in this matter. In addition, Congress has not required that this matter be exclusively reserved for the purview of the Federal Court. Therefore based on the arguments stated above the Plaintiff contends that this matter could be heard by the State Court and should be remanded back to the State Court for further rulings in this matter.

Respectfully submitted this the 4th day of November, 2005.


Michael Rountree (ROU009)
Counsel for the Plaintiff

Of Counsel:

Rountree & Associates, LLC

448 Saint Lukes Drive

Montgomery, Al. 36117

Ph: (334) 270-8291

Fax: (334) 270-8294

Email: MWRRA@Knology.net

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4th day of November, 2005, served a copy of the foregoing amended complaint to all known parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid to the following counsel of record.

Winston Sheehan, Jr. Esq.

Ball, Ball, Mathews & Novak, P.A.

P.O. Box 2148

Montgomery, Al. 36117

City of Montgomery Attorney's Office

Wallace D. Mills, Esquire

103 North Perry Street

Montgomery, Al. 36104

Judy Van Heest, Esquire

Beers, Anderson, Jackson, Patty & Van Heest, P.C.

P.O. Box 1988

Montgomery, Al 36102

Jeffrey W. Smith, Esq.

Slaten & O'Connor, P.C.

105 Tallapoosa Street, Suite 101

Montgomery, Alabama  36104