IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| THEODORE DAVIS, )<br>    Plaintiff, )<br>v. ) | CIVIL ACTION NO.: 2:05cv632-MHT |
| ARMSTRONG RELOCATION, LLN, )<br>EDNA DUMAS, MONTGOMERY POLICE )<br>DEPARTMENT, et al., )<br>  )<br>    Defendants. ) | |

## INTERVENOR STATE FARM FIRE AND CASUALTY COMPANY'S RULE 26 DISCLOSURES

**COME NOW** Intervenor Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), through undersigned counsel, and, pursuant to the Court's Uniform Scheduling Order, pursuant to *Fed.R.Civ.P.* 26(a)(1), submits the following initial disclosures:

A.  The following persons are believed to have discoverable, non-privileged personal knowledge concerning any significant factual issues in the case. Addresses are last known to these Plaintiffs.

*Fed.R.Civ.P.* 26(a)(1)(A), requires Intervenor Defendant State Farm to provide to other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

1.  **Theodore Davis**
    **c/o Michael Roundtree, Esq.**
    **Roundtree and Associates LLC**
    **448 Saint Lukes Drive**
    **Montgomery, AL 36117**

    **Intervenor Defendant State Farm expects that the Plaintiff will have information regarding the alleged underlying incident(s) which form the basis for his Complaints and Amended Complaints and Amended Complaints and**

Amended Complaints. He should also have information[1] regarding his alleged damages, injuries, written and/or testimonial documents regarding the allegations contained in his Complaints and Amended Complaints and Amended Complaints and Amended Complaints . He may also have information regarding his relationship to the parties, the home, his witnesses including a list of all property, personal and real, allegedly damaged as a result of the incidents made the basis of the Complaints and Amended Complaints. Also, he should have information regarding his relationship with each Defendant and each witness.

2. **Edna Dumas**
c/o Jeffrey W. Smith, Esq.
Slaten and O'Conner
105 Tallapoosa St.
Suite 101
Montgomery, AL 36104

Intervenor Defendant State Farm believes that Defendant Edna Dumas will have information regarding the defenses she has raised in response to Plaintiff's Complaints and Amended Complaints; the relationship between her and the Plaintiff as Landlord/Tenant, etc. She may also have other information regarding the Plaintiff, the leasing relationship before the alleged incident(s), and other information pertinent to this law suit.

3. **Armstrong Relocation, LLN**
c/o Winston Sheehan, Jr.
Ball, Ball, Matthews, and Novak, P.A.
PO Box 2148
Montgomery, AL 36102-2148

Intervenor Defendant State Farm believes that Defendant Armstrong Relocation, LLN will have information regarding its defenses to the allegations made in Plaintiff's Complaint and Amended Complaints. Intervenor Defendant State Farm also believes that Defendant Armstrong Relocation, LLN may also have information and/or documents, including work orders or contracts, regarding the events preceding and subsequent to the alleged incident(s) made the basis of this lawsuit, and other information pertinent to this law suit.

---

[1] The designation of the word information in each response includes documentation written, recorded, by audio or other means, photographic, video taped, digital, or otherwise contained in electronic or documentary form.

4.     **Montgomery Police Department**
       c/o Wallace D. Mills, Esq.
       City of Montgomery Attorney Office
       103 North Perry St.
       Montgomery, AL 36104

       Intervenor Defendant State Farm believes that Montgomery Police Department may have information regarding its defenses to the allegations made in Plaintiff's Complaint and Amended Complaints. Intervenor Defendant State Farm also believes that Montgomery Police Department may have information regarding the events preceding and subsequent to the alleged incident(s) made the basis of this lawsuit, and other information pertinent to this law suit.

5.     **Shelley Y. Watts**
       c/o Wallace D. Mills, Esq.
       City of Montgomery Attorney Office
       103 North Perry St.
       Montgomery, AL 36104

       Intervenor Defendant State Farm believes that Defendant Montgomery Police Officer Shelley Watts may have information regarding his defenses to the allegations made in Plaintiff's Complaint and Amended Complaints. Intervenor Defendant State Farm also believes that he may also have information regarding the events preceding and subsequent to the alleged incident(s) made the basis of this lawsuit, and other information pertinent to this law suit.

6.     **State Farm Fire and Casualty Company**
       c/o Judy Van Heest
       BEERS, ANDERSON, JACKSON,
       PATTY, & VAN HEEST, P.C.
       P. O. Box 1988
       Montgomery, Alabama 36102-1988

       Intervenor Defendant State Farm will have information regarding the coverage issues surrounding this litigation, its defenses to Plaintiff's Complaint and Amended Complaints. Intervenor Defendant State Farm also believes that he may also have information regarding the events preceding and subsequent to the alleged incident(s) made the basis of this lawsuit, and other information pertinent to this law suit.

Intervenor Defendant State Farm will supplement this response as required by *Federal Rules*

*of Civil Procedure* 26(a)(1) and § 2 of the Uniform Scheduling Order as information is gathered, its investigation is complete, Plaintiff and each Defendant provides its Initial Disclosures, as discovery is completed in this case, and as appropriate.

(B) Make available to other parties for inspection and copying, as under Rule 34, *Fed.R.Civ.P.* all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

**Intervenor Defendant State Farm will make available at a mutually convenient time and place copies of all non privileged documents in possession, custody and control that may be used by them to support their contentions with respect to any significant factual issue in the case. Intervenor Defendant State Farm will supplement this response pursuant to the rules and as appropriate.**

(C) Provide to other parties a computation of any category of damages claimed by the disclosing party, making available for inspection and copying, as under Rule 34, *Fed.R.Civ.P.* the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

**At this time, Intervenor Defendant State Farm has not claimed any damages. Intervenor Defendant State Farm will supplement this response pursuant to the rules and as appropriate.**

(D) Provide to other parties for inspection and copying, as under Rule 34, *Fed.R.Civ.P.* any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Intervenor Defendant State Farm will make available at a mutually convenient time and place copies of all insuring agreements in its possession, custody and control applicable to its insured Edna Dumas. Intervenor State Farm attached a copy of the policy applicable to**

this loss to the Motion to Intervene and Complaint for Intervention filed in Montgomery County Circuit Court. Intervenor Defendant State Farm expects that Plaintiff and the other Defendants may have insuring agreements for the claims made in this litigation. Intervenor Defendant State Farm expects to receive these documents and this information with each party's Rule 26, *F.R.Civ.P* Initial Disclosures or in response to discovery requests. Alternatively, Intervenor Defendant State Farm will inspect and copy this material at a mutually agreeable time and place. Intervenor Defendant State Farm will supplement this response pursuant to the rules and as appropriate.

Intervenor Defendant State Farm will supplement its Rule 26, *F.R.Civ.P.*, Initial Disclosures pursuant to the applicable discovery rules and local rules of this District and as appropriate. Intervenor Defendant State Farm adopts by reference the Initial Disclosures of Defendant Edna Dumas as or any other Defendant in this case as they are applicable to the coverage issues raised in its Complaints and Amended Complaints for Intervention and Motion to Intervene.

**RESPECTFULLY SUBMITTED** this 15th day of November, 2005.

/S/ Judy B. Van Heest

**JUDY B. VAN HEEST [LAN062]**
Attorney for Intervenor Defendant
State Farm Fire and Casualty Company

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
 PATTY, & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311   Telephone
(334) 834-5362   Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **RULE 26 INITIAL DISCLOSURES OF INTERVENOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY** as been served upon all parties to this action by either electronic filing or depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows on this the 15TH day of November, 2005.:

Michael Roundtree, Esq.
Roundtree & Associates, LLC
448 Saint Lukes Drive
Montgomery, Alabama 36117

George L. Beck, Jr., Esq.
Terrie S. Biggs, Esq.
Capell & Howard, PC
P.O. Box 2069
Montgomery, Alabama 36102-2069

Wallace D. Mills, Esq.
City of Montgomery Attorney's Office
103 North Perry Street
Montgomery, Alabama 36104

Jeffrey W. Smith, Esq.
Slaten & O'Connor
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

Winston Sheehan, Jr. Esq.
Ball, Ball, Mathews, & Novak
Post Office Box 2148
Montgomery, Alabama 36117

Michael Roundtree, Esq.
Roundtree & Associates, LLC
448 Saint Lukes Drive
Montgomery, Alabama 36117

/S/ Judy B. Van Heest
_____
**OF COUNSEL**