IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| THEODORE DAVIS, ) | |
|    Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: 2:05cv632-WKW |
| ) | |
| ARMSTRONG RELOCATION, LLN, ) | |
| EDNA DUMAS, MONTGOMERY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
|    Defendants. ) | |

## MOTION TO CHANGE
## STATE FARM FIRE AND CASUALTY COMPANY'S STATUS AS DEFENDANT
## TO INTERVENOR AND PROVIDE RELIEF FROM
## THE COURT'S SCHEDULING ORDER
## AS IT APPLIES TO PLAINTIFF AND DEFENDANTS

**COMES NOW**, Intervenor, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through Counsel of record, and moves this Honorable Court to issue an order changing State Farm's status from Defendant to Intervenor within the list of parties to this action. In support of said Motion, State Farm would show unto the Court as follows:

1. This matter was pending in the Montgomery County Circuit Court, styled as, *Theodore Davis v. Armstrong Relocation, L.L.N., et al.*, C.A. No.: CV-04-370.

2. When the matter was removed to the U.S. District Court, M.D. Ala. by the Defendants based on the question of jurisdiction, Intervenor State Farm was classified in the list of parties as a Defendant. Therefore, State Farm was required to file Answers and respond as a Defendant to all motions, pleadings, discovery and in accordance with the Court's Scheduling Order.

3. State Farm intervened in this litigation for the limited, and sole purpose, of being

allowed to participate in discovery to determine the underlying coverage issues and, to be allowed to submit Interrogatories to the jury **ONLY** if the jury rendered a verdict against State Farm's insured, Edna Dumas (hereinafter "Dumas") (see Exhibit "A", State Farm's MOTION FOR LIMITED INTERVENTION).

4. To have State Farm participate as a Defendant–rather than an Intervenor, for the sole purpose of providing discovery to resolve questions of insurance coverage–would prejudice all parties.

5. State Farm believes that the issues of coverage may be resolved by allowing it to continue to participate in any discovery which is taken in this matter–including Depositions, Interrogatories and Requests for Production. If the jury renders a verdict against Dumas, then, and only then, should State Farm be allowed to submit to the same jury any questions regarding the outstanding coverage issues.

**WHEREFORE, PREMISES CONSIDERED**, State Farm respectfully petitions this Honorable Court to enter an order changing its status to Intervenor and allowing it to continue to participate in discovery and submit Interrogatories to the jury should a verdict be rendered against its insured.

**RESPECTFULLY SUBMITTED** this the 17th day of March, 2006.

/s/Judy B. Van Heest
**JUDY B. VAN HEEST [VANH8345]**
Attorney for Intervenor
State Farm Fire and Casualty Company

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
 PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, AL  36102-1988
(334) 834-5311   (Telephone)
(334) 834-5362   (Facsimile)
jvanheest@beersanderson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2006, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel of record:

Michael Rountree, Esq.
ROUNTREE & SINGLETON, P.C.
448 Saint Lukes Drive
Montgomery, AL 36117-0474

George L. Beck, Jr., Esq.
Terrie S. Biggs, Esq.
CAPELL HOWARD P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

Wallace D. Mills, Esq.
CITY OF MONTGOMERY LEGAL DIVISION
P.O. Box 1111
Montgomery, AL 36101-0111

Jeffrey W. Smith, Esq.
SLATEN & O'CONNOR, P.C.
P.O. Box 1110
Montgomery, AL 36101-1110

C. Winston Sheehan, Jr.
BALL, BALL, MATTHEWS & NOVAK, P.A.
PO Box 2148
Montgomery, AL 36102-2148

/s/Judy B. Van Heest
**OF COUNSEL**