IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

THEODORE DAVIS,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )    CIVIL ACTION NO.: CV-04-370
                                         )
ARMSTRONG RELOCATION, LLN,               )
EDNA DUMAS, MONTGOMERY POLICE            )
DEPARTMENT, et al.,                      )
                                         )
        Defendants.                      )

## MOTION FOR LIMITED INTERVENTION

**COMES NOW**, Petitioner, State Farm Fire and Casualty Company (hereinafter "State

Farm") pursuant to Rule 24, *Alabama Rules of Civil Procedure* and the procedure suggested in

*Universal Underwriters Insurance Co., v. East Central Alabama Ford-Mercury, Inc.*, 474 So.2d 716

(Ala. 1990), and petitions this Honorable Court for leave to intervene in the above-captioned matter

for the limited purpose of participating in discovery and submitting special interrogatories to the jury

only after the jury has deliberated, and only if a verdict is returned in favor of the Plaintiff.

1.      The Petitioner does not seek to have the Court give additional instructions to the jury,

nor is the Petitioner requesting permission to submit special interrogatories for the jury's initial

deliberations. Rather, the Petitioner requests that it be allowed to participate in discovery and submit

said interrogatories to the jury, only if the jury returns a verdict in favor of the Plaintiff.

2.      The above-captioned matter has been brought against several Defendants, including

Edna Dumas. State Farm issued a rental policy bearing policy number 93-EW-8352-1 to Edna

Dumas, with an effective period of August 31, 2003 through August 31, 2004. Said policy was in

effect during the alleged date of loss of January 18, 2004 as claimed in the above-captioned

Complaint and Amended Complaint. Plaintiff's Complaint and Amended Complaint is against

multiple defendants and contains multiple counts alleging false imprisonment, unlawful detainer, improper eviction, practicing law without a license, denial of due process, abuse of process, wrongful arrest, the tort of conversion, breach of contract (two separate claims for breach of contract), fraud, a separate claim for the tort of conversion, slander, false imprisonment, violations of 42 USC §1983 and/or §1985, a claim requesting the temporary restraining order and/or injuctive relief, a negligence claim, negligent training and supervision claim based on a respondent superior theory and a respondent superior claim for abuse of process, false imprisonment in violation of due process and other claims.   Ms. Edna Dumas sought coverage for the claims being made by the Plaintiff in this action pursuant to the policy of insurance issued by State Farm.  The Petitioner is not obligated to indemnify the insured for damages not covered by the subject insurance policy.  At issue are questions of coverage, based on the terms of the policy, for some or all of the claims asserted by the Plaintiff pursuant to the policy provisions, exclusions, definitions, conditions and endorsements of the policy. Moreover, the subject policy of insurance would not cover or apply to those claims solely against other defendants in this lawsuit. That is, *if*, it is determined there is coverage for any of the causes of action stated in the Complaint and the Amended Complaint, the policy would still only cover those claims made against Ms. Edna Dumas.

    3.      State Farm has timely reserved its rights as to the defense and indemnity through a letter to Edna Dumas on November 19, 2004.

    4.      Simple interrogatories to the jury following its deliberations and rendering of a verdict in the underlying litigation will clarify any verdict rendered in favor of the Plaintiff as to what damages and what factual findings are attributable to the specific conduct of the insured, Edna Dumas, the specific time periods, and specific elements of damages, e.g., mental anguish, etc.

Submission of such special interrogatories following the jury verdict will not impact the case in chief nor the Court's instructions to the jury in the jury's deliberative process. The Petitioner requests the Court to instruct the jury outside the presence of the Petitioner, because the Petitioner does not seek to have the Court charge the jury during the Court's initial instructions or the jury's initial deliberations. The Petitioner prays the Court will not submit any special interrogatories until, and only if, the jury returns a verdict in the Plaintiff's favor.

**WHEREFORE, PREMISES CONSIDERED,** State Farm respectfully petitions this Honorable Court for leave to intervene specially for the limited purpose of participating in discovery, obtaining any past discovery, and submitting to the jury special interrogatories after the jury deliberates and *only* if the jury returns a verdict in favor of the Plaintiff in the above-captioned action.

**RESPECTFULLY SUBMITTED** this the 28th day of March, 2005.

_____
**JUDY B. VAN HEEST [LAN062]**
Attorney for Intervenor
State Farm Fire and Casualty Company


**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
  PATTY, & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311      Telephone
(334) 834-5362      Facsimile

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows on this the _____ day of March, 2005.

Michael Roundtree, Esq.
Roundtree & Associates, LLC
448 Saint Lukes Drive
Montgomery, Alabama  36117

George L. Beck, Jr., Esq.
Terrie S. Biggs, Esq.
Capell & Howard, PC
P.O. Box 2069
Montgomery, Alabama  36102-2069

Wallace D. Mills, Esq.
City of Montgomery Attorney's Office
103 North Perry Street
Montgomery, Alabama  36104

Jeffrey W. Smith, Esq.
Slaten & O'Connor
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104

_____
OF COUNSEL

4

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Theodore Davis
  Plaintiff,

v.

CASE NO.CV-2004-0370

Armstrong Relocation LIn & Edna Dumas, et al,
  Defendant.

## ORDER

This cause having come before the Court on State Farm Insurance Co.
Motion for Limited Intervention, the same having been considered, it is hereby
**ORDERED ADJUGED AND DECREED** said Motion is GRANTED and
State Farm is permitted to participate in Discovery.

Done this 10 MAY 2005.

/s/ Eugene W. Reese
Circuit Judge

CC:

Michael W Rountree

George L Beck
Capell & Howard

Jeffrey W Smith

Winston Sheehan
Ball, Ball, Matthews & Novak

Wallace Mills

Judy Van Heest