# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **THEODORE DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2:05-cv-632-WKW** |
| **vs.** | ) | |
| | ) | |
| **ARMSTRONG RELOCATION, LLC,** | ) | |
| **Edna Dumas, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF EDWIN LOLLAR

Before me, the undersigned authority, on this day personally appeared Edwin Lollar who being by me first duly sworn, deposed and stated upon his oath the following:

My name is Edwin Lollar. I am over the age of twenty-one (21) years. I have personal knowledge of the following:

At all material times hereto, I was employed by Armstrong Relocation as a mover. I have been employed by Armstrong Relocation for 25 years. On January 19, 2004, I worked for Armstrong Relocation on a four hour move at a house on Rosedon Drive in Montgomery, Alabama. During the move, Edna Dumas, was at the house on Rosedon Drive directing the move. I understood Ms. Dumas to be the owner of the house. Her nephew, Eddie Wood, had called and set up the move.

I understood that the items were being removed from the house because of an eviction. Ms. Dumas told us that the day before, the police had been at the house because of the eviction and Mr. Davis was barred from the property. Ms. Dumas instructed us to set all of the items from the house on the curb.

I was at the house from about 10:00 a.m. to 2:00 p.m. Mr. Davis' daughter arrived at the house early that afternoon with a female and male companion and a pickup truck and two vans. Ms. Dumas told Mr. Davis' daughter that she could not enter the house but could take the items once they were out on the curb. Mr. Davis' daughter started to put the items in their vehicles.

Attached hereto is the Bill of Lading for the move signed by Edna Dumas and Eddie Wood.

EDWIN LOLLAR

STATE OF ALABAMA
COUNTY OF MONTGOMERY

Before me, the undersigned Notary Public, did personally appear Edwin Lollar who states to me that he is aware of the contents of the foregoing Affidavit, and that he did execute it voluntarily.

SWORN TO and SUBSCRIBED before me on this the 22nd day of March, 2006.

NOTARY PUBLIC

My Commission Expires
04-30 2006

Combined Uniform Household Goods Bill of Lading and Freight Bill

# ARMSTRONG RELOCATION
5414 LAMCO ST.
MONTGOMERY, AL 36117
334-279-9822

W-YL-50024

| | |
|---|---|
| Name _Eddie Wood_ | Tel. |
| From _207 Rosedon Drive_ Apt. | |
| _Mont AL 36116_ | |
| To _____ Apt. | |
| Other Stops | |
| Moving Date _1/19/04_ Day _1_ Time _10:00_ PM | |
| Moving Rate: _1_ Vans _2_ Men @ $ _100.00_ Per Job Hr, Plus _____ Hrs. Travel Time | |

**TIME RECORD**

| | |
|---|---|
| Start | A.M. P.M. _____ Customer Initials ____ |
| Finish | A.M. P.M. _____ Customer Initials ____ |
| JOB HOURS | |
| TRAVEL TIME | |
| TOTAL HOURS | |

## ESTIMATE OR REMARKS
(Approx. estimate-packing date-Instructions on job-or other info.)

C.O.D  3 HR MIN   TAKE ITEMS
From House put In Driveway

### VALUATION
Customer (Shipper) is required to declare in writing the released value of the property. The agreed or declared value of the property is hereby specifically stated by this customer (shipper) and confirmed by their signature hereon to be NOT exceeding 30 ¢ (cents) per pound per article unless specifically excepted. The Customer (Shipper) hereby declares variations in excess of the above limits on the following articles. SHIPPER - IMPORTANT - READ WHAT YOU ARE SIGNING.

X _____

Article _____ Value _____

### IMPORTANT
(SIGN BEFORE START OF ANY SERVICE)
The Shipper, subject to and based on the rates, rules, regulations and conditions in the carriers lawfully published tariff hereby orders the carrier to furnish transportation facilities and service described herein subject to all conditions herein contained including valuation agreed or declared and the conditions on the basis hereof which are hereby agreed to by the Shipper and accepted for himself and his assigns. Unless credit arrangements are made in writing the Shipper agrees to pay charges in cash, money order or certified check prior to complete delivery.

CUSTOMER: _Eddie Wood_
BY: _Helen Dennis_

MOVER: **ARMSTRONG RELOCATION**
BY: _Eden Allen_

### DELIVERY RECEIPT
Except as specifically endorsed hereon
All services and All articles received in Good Condition

CUSTOMER: _Eddie Wood_
BY: _Helen Dennis_

**MOVER'S (Carrier) COPY**
(TO BE RETAINED BY MOVER)

| RATES AND DESCRIPTION | | | | CHARGES |
|---|---|---|---|---|
| MOVING | _4_ hours @ $ _100.00_ per hr. | | | 400.00 |
| OVERTIME | ___ hours @ $ ___ per hr. | | | |
| CARTAGE | ___ cu. ft. @ $ ___ per cu. ft. | | | |
| WEIGHT | ___ lbs. @ $ ___ per lb. | | | |
| PIANO CHGS. | | | | |
| OTHER | | | | |
| | Barrels, packed | @ $ ___ | each | |
| | Barrels, loaned | @ $ ___ | each | |
| | Wardrobes | @ $ ___ | each | |
| | Cartons or boxes | @ $ ___ | each | |
| | Matt cartons | @ $ ___ | each | |
| Other | | | | |
| Whse. Labor chgs. | | | | |
| Storage chgs. | | | | |
| Other | | | | |

**Carrier Liability:** shipper declares the full value of the shipment for the purpose of carrier liability to be

Amt. $ ___ @ $ ___ per $100.00

| | |
|---|---|
| **TOTAL CHARGES** | 400.00 |
| Advance Deposit | 400.00 |
| BALANCE DUE | 0 |

**RECEIVED PAYMENT**
ARMSTRONG RELOCATION  $400.00 cash
BY: _Eden Allen_

Receipt # _____

TERMS: Charges Payable in Cash, Money Order, or Certified Check on Delivery.

**CONTRACT TERMS AND CONDITIONS**

Sec. 1. (a) The carrier or party in possession of any of the property herein described shall be liable as at common law for any loss thereof or damage thereto except as hereinafter provided.

## EXCEPTIONS TO ABOVE LIABILITY FOR MECHANICAL, ELECTRICAL OR OTHER OPERATION OR FUNCTIONING, DELAYS, QUARANTINE, STORAGE-IN-TRANSIT OR CONTENTS OF PIECES OR CONTAINERS.

(b) No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto or delay caused by the act of God, the public enemy, the acts of public authority, quarantine, riots, strikes, perils of navigation, the act or default of the shipper or owner, the nature of the property or defect or inherent vice therein. Except in case of negligence the carrier or party in possession of all or any of the property herein described shall be liable for the loss or damage thereto or responsible for its condition, operation or functioning, whether or not such property or any part of it is packed, unpacked, or packed and unpacked by the shipper or its agent, or the carrier or its agent. In cases of negligence of the carrier or party in possession, no carrier or party in possession of all or any of the property herein described shall be liable for damage to or loss of contents of pieces of furniture, crates, bundles, cartons, boxes, barrels or other containers unless such containers are open box for carrier's inspection and then only for such articles as are specifically listed by the shipper and receipted for by the carrier or its agent.

(c) Except in cases of negligence of the carrier or party in possession, the carrier or party in possession of any of the property herein described shall not be liable for delays caused by highway obstruction, or faulty or impassable highway, or lack of capacity, of any highway, bridge, or ferry, or caused by breakdown or mechanical defect of vehicles or equipment.

(d) Except in case of negligence of the carrier or party in possession the carrier or party in possession shall not be liable for loss, damage, or delay occurring while the property is stopped and held or stored in transit upon request of the shipper, owner, or party entitled to make such request, whether such request was made before or after the carrier comes into possession of the property.

(e) In case of quarantine the property may be discharged at the risk and expense of the owners into quarantine depot or elsewhere, as required by quarantine regulations or authorities, and in such case, carrier's responsibility shall cease when the property is so discharged, or property may be returned by carrier at owner's expense to shipping point earning charges both ways. Quarantine expenses of whatever nature or kind upon or in respect to property shall be borne by the owners of the property or be a lien thereon. The carrier shall not be liable for loss or damage occasioned by fumigation or disinfection or other acts done or required by quarantine regulations or authorities even though the same may have been done by carrier's officers, or agents, or employees, nor for detention, loss or damage of any kind occasioned by quarantine or the enforcement thereof. No carrier shall be liable except in case of negligence for any mistake or inaccuracy in any information furnished by the carrier, its agents, or officers, as to quarantine laws or regulations. The shipper shall hold the carriers harmless from any expense they may incur, or damages they may be required to pay, by reason of the introduction of the property covered by this contract into any place against the quarantine laws or regulations in effect at such place.

## CLAIMS PROCEDURE AND LIMITATIONS

Sec. 2. (a) No carrier is bound to transport said property by any particular schedule, vehicle, train or vessel or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the property as determined by the classification or tariffs upon which the rate is based, such lower value shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

(b) As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier in possession of the property when the loss, damage, injury or delay occurred, within ten days after delivery of the property (or in case of export traffic, within ten days after placement of [port of export]) or in case of failure to make delivery, then within ten days after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within one year and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

(c) Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property so far as this shall not avoid the policies or contracts of insurance, provided that the carrier reimburses the claimant for the premium paid thereon.

(d) Any claim for loss, or damage or overcharge whether made by the consignee, consignor or a third party beneficiary, shall be in writing and shall be accompanied by original paid Bill for transportation and original Bill of Lading, if not previously surrendered to carrier. Carrier may require certificate of sworn statement of claim.

Sec. 3. Except where such service is required as the result of carrier's negligence, all property shall be subject to necessary cooperage, packing and repacking at owner's cost.

Sec. 4. (a) Property not received by the party entitled to receive it within the free time (if any) allowed by tariffs lawfully on file (such free time to be computed as therein provided) after notice of the arrival of the property at destination or at the port of export (if intended for export) has been duly sent or given, and after placement of the property at destination, at the time tender of delivery of the property entitled to receive it or at the address where it is to be delivered has been made, may be kept in vehicle, warehouse or place of business of the carrier, subject to a reasonable charge for storage and necessary expense of storage in warehouse and to carrier's responsibility as warehouseman, only, or—at the option of the carrier, may be removed to and stored in a warehouse at the point of delivery or at other available points at the cost of the owner, and there held without liability on the part of the carrier, and subject to a lien for all transportation and other lawful charges including a reasonable charge for storage. In the event the consignee can not be found, at the address given for delivery, then in that event, notice of the placing of such goods in warehouse shall be left at the address given for delivery and mailed to any other address given on the bill of lading for notification, showing the warehouse in which such property remains unclaimed any mailed, sent, or given.

(b) Where nondeliverable property which has been transported to destination hereunder is refused by consignee or the party entitled to receive it upon tender of delivery, or said consignee or party entitled to receive it fails to receive it or claim within 15 days after notice of arrival of the property at destination shall have been duly sent or given, the carrier may sell the same at public auction to the highest bidder, at such place as may be designated by the carrier; provided, that the carrier shall have first mailed, sent, or given to the consignor notice that the property has been refused or remains unclaimed, as the case may be and that it will be subject to sale under the terms of this bill of lading, if disposition is not arranged for, and shall have published notice containing a description of the property, the name of the party or whom consigned, and the time and place of sale, once a week for two successive weeks, in a newspaper of general circulation at the place of sale or nearest place where such newspaper is published, provided, that 30 days shall have elapsed before publication of notice of sale after said notice that the property was refused or remains unclaimed any mailed, sent, or given.

(c) Where perishable property which has been transported to destination is refused by consignee or party entitled to receive it, or consignee or party entitled to receive it shall fail to receive it promptly, the carrier may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale; provided, that, if there be time for service of notification to the consignor or owner of the refusal of the property or the failure to receive it and request for disposition of the property, such notification shall be given in such manner as the exercise of due diligence requires before the property is sold.

(d) Where the procedure provided for in the two paragraphs last preceding is not possible, it is agreed that nothing contained in said paragraphs shall be construed to abridge the right of the carrier at its option to sell the property under such circumstances and in such manner as may be authorized by law.

(e) The proceeds of any sale made under this section shall be applied by the carrier to the payment of advances, tariff charges, packing, storage, and any other lawful charges and the expense of notice, advertisement sale, and other necessary expense and of caring for and maintaining the property. If there be a balance, it shall be paid to the owner of the property sold hereunder.

(f) Where the carrier is directed to load property from (or render any service at) a place or place at which the consignor or its agent is not present the property shall be at the risk of owner before loading.

Where the carrier is directed to unload or deliver property (or render any service at) a place or place at which the consignee or its agent is not present the property shall be at the risk of owner after unloading or delivery.

## ARTICLES OF EXTRAORDINARY VALUE, DOCUMENTS, SPECIE

Sec. 5 No Carrier hereunder will carry or be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed hereon.

Sec. 6 Explosives or dangerous goods will not be accepted for shipment. Every party whether principal or agent shipping such goods shall be liable for any indemnity the carrier against all loss or damage caused by such goods and carrier will not be liable for safe delivery of the shipment.

## MOVER(CARRIER) WILL NOT RELINQUISH POSSESSION UNTIL ALL CHARGES ARE PAID

Sec. 7. The owner or consignee shall pay the advances, tariff charges, packing and storage, if any, and all other lawful charges accruing on said property; but, except in those instances where it may lawfully be authorized to do so, no carrier shall deliver or relinquish possession at destination of the property covered by this bill of lading until, all, tariff rates and charges thereon, have, been paid. The consignor shall be liable for the advances, tariff charges, packing charges, storage and all other lawful charges, except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier contrary to such stipulation, shall make delivery without requiring such payment, the consignor (except as hereinafter provided) shall not be liable for such charges: Provided, that, where the carrier has been instructed by the shipper or consignor to deliver said property to a consignee other than the shipper or consignor, such consignee shall not be legally liable for transportation charges in respect of the transportation of said property (beyond those billed against him at the time of delivery for which he is otherwise liable) which may be found to be due after the property has been delivered to him, if the consignee (a) is an agent only and has no beneficial title in said property, and, (b) prior to delivery of said property has notified the delivering carrier in writing of the fact of agency and absence of, beneficial title, in the case of a shipment reconsigned or diverted to a point other than that specified in the original bill of lading, has also notified the delivering carrier in writing of the name and address of the beneficial owner of said property; and in such cases the shipper or consignor, or in the case of a shipment so reconsigned or diverted, the beneficial owner, shall be liable for such additional charges. If the consignee has given to the carrier erroneous information as to who the beneficial owner is, such consignee shall himself be liable for such additional charges. Nothing herein shall limit the right of the carrier to require at time of shipment, the prepayment of the charges. If upon inspection it is ascertained that the articles shipped are not those described in this bill of lading, the advances or tariff charges must be paid upon the articles actually shipped.

Sec. 8. If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election for common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

Sec. 9 Any alteration, addition or erasure in this bill of lading which shall be made without the special notation hereon of the agent of the carrier issuing this bill of lading shall be without effect, and this bill of lading shall be enforceable according to its original tenor.

## ALL CLAIMS, DISPUTES, OR CONTROVERSIES ARE SUBJECT TO ARBITRATION.

Sec. 10. Any controversy or claim arising out of or relating to this contract, the breach thereof, or the goods affected thereby, whether such claims be founded in tort or contract, shall be settled by arbitration under the Arbitration Law of the Carrier's State and under the rules of the American Arbitration Association, provided, however, that upon any such arbitration the arbitrator or arbitrators may not vary or modify any of the foregoing provisions.