IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THEODORE DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: 2:05-cv-632-WKW |
| vs. ) | |
| ) | |
| **ARMSTRONG RELOCATION, LLC,** ) | |
| Edna Dumas, et al. ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT ARMSTRONG RELOCATION'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the defendant, Armstrong Relocation, LLC (hereinafter "Armstrong Relocation"), and submits the following Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Doc. 41).

In Opposition to Defendant's Motion for Summary Judgment (Docs. 34, 35), the plaintiff offered five affidavits, Beatrice Lee, Aliya Bryant, Josephine Perry, Veronica Thomas, and Joannie Walsh. Not only do these affidavits contain inadmissible hearsay, they offer no evidence to establish liability of Armstrong Relocation and have no relevance to plaintiff's claims against Armstrong Relocation. The plaintiff asserts in his Brief that "[w]hile moving the furniture, the movers were heard telling strangers that they could have whatever they wanted." (Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, Doc.43, p.5, citing Affidavit of J. Perry). However, nowhere in Josephine Perry's affidavit does she testify that Armstrong Relocation movers ever told strangers that they could have the items that they were moving. The assertion in the plaintiff's Brief that the movers were heard telling people

they could take whatever they wanted, does not appear in Ms. Perry's affidavit, and therefore should not be considered on a Motion for Summary Judgment.  See <u>Williams v. Hager Hinge Co., Inc.</u>, 916 F.Supp.1163, 1168 (M.D. Ala.1995)(holding that "statements of fact in a party's brief that are not in proper affidavit form cannot be considered in determining whether a genuine issue of material fact exists for purposes of summary judgment").  Throughout her affidavit, Ms. Perry simply refers to two black males who were present on the scene, but she never identifies these individuals as Armstrong Relocation movers.  Accordingly, there is no evidence, nor can there be, that Armstrong Relocation is liable for the damages for which the plaintiff complains.

The plaintiff asserts that Armstrong Relocation acted unreasonably by failing to ask for eviction papers, a copy of a court Order, or by failing to call and verify that there had been an eviction.  However, the plaintiff cites to no authority for the proposition that movers have a duty to require such documentation.  Indeed, under Alabama statutory law,

> A bailee that in good faith has received goods and delivered or otherwise disposed of the goods according to the terms of a document of title or pursuant to this article is not liable for the goods even if: (1) The person from which the bailee received the goods did not have authority to procure the document or to dispose of the goods; or (2) The person to which the bailee delivered the goods did not have authority to receive the goods.

<u>Alabama Code</u>, §7-7-404.  For the reasons set forth more fully in Defendant's Brief in Support of Motion for Summary Judgment, Armstrong Relocation is shielded from liability by this statute and the plaintiff offers no evidence or argument otherwise.

The Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment and affidavits submitted in support thereof are insufficient to defeat Armstrong Relocation's Motion for Summary Judgment.  The affidavits of Ms. Perry, Ms. Lee, Ms. Bryant, Ms. Thomas, and Ms. Walsh, aside from containing inadmissible hearsay, do not contain any evidence against

2

Armstrong Relocation. In fact, the affidavits make only passing reference to "the movers" and do not specifically identify any individuals as Armstrong Relocation employees. Further, the bulk of the testimony presented in the affidavits relates to events and alleged activities of parties other than Armstrong Relocation and are irrelevant to the plaintiff's claims against this defendant. The law is clear that "[b]ald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact." Williams v. Hager Hinge Co., Inc., supra at 1168.

      WHEREFORE, THE FOREGOING PREMISES CONSIDERED, defendant, Armstrong Relocation, respectfully requests this Honorable Court grant its Motion for Summary Judgment as to all claims against it.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.

/s/ Emily C. Marks
EMILY C. MARKS
Attorneys for Armstrong Relocation, LLC

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 28, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

George Lamar Beck , Jr glb@chlaw.com, terrie@chlaw.com;roxie@chlaw.com

Terrie Scott Biggs tsb@chlaw.com, julie@chlaw.com

Wallace Damon Mills wmills@ci.montgomery.al.us

Michael W. Rountree mwrra@knology.net, rtreesigpc@aol.com

Jeffrey Wilson Smith jsmith@slatenlaw.com, cmclean@slatenlaw.com

Judy B. Van Heest jvanheest@beersanderson.com, brenda@beersanderson.com

            /s/ Emily C. Marks
            OF COUNSEL