**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **THEODORE DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2:05-cv-632-WKW** |
| **vs.** | ) | |
| | ) | |
| **ARMSTRONG RELOCATION, LLC,** | ) | |
| **Edna Dumas, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT ARMSTRONG RELOCATION'S OBJECTION TO THE
RECOMMENDATION OF THE MAGISTRATE JUDGE**

**COMES NOW** the Defendant, Armstrong Relocation, LLC (hereinafter "Armstrong"),

and submits the following Objection to the Recommendation of the Magistrate Judge. (Doc.87).

As grounds for this Objection, defendant would show as follows:

Armstrong objects to the Recommendation of the Magistrate Judge to the extent that it

recommends that Armstrong's Motion for Summary Judgment be denied as moot. Armstrong

contends that denial of its Motion for Summary Judgment as moot does not take into

consideration the issues of judicial economy, convenience, and fairness to the parties. The

present case was originally filed in the Circuit Court of Montgomery County, Alabama on

February 10, 2004. The City of Montgomery was added as a defendant on June 27, 2005, at

which point, the case became removable. The case was removed to this Court on July 6, 2005.

(Doc. 1-1).

On March 24, 2006, defendant Armstrong Relocation filed its Motion for Summary

Judgment and Brief in Support thereof. (Doc. 34, Doc. 35). Plaintiff submitted a response to

defendant's Motion for Summary Judgment on April 24, 2006. (Doc.43). Armstrong submitted

its reply to plaintiff's Opposition to Defendant's Motion for Summary Judgment on April 28, 2006. (Doc.45). Thus, defendant's Motion for Summary Judgment has been fully briefed by both parties.

Armstrong has filed its Witness List (Doc.49), Exhibit List (Doc.61), Deposition Designations (Doc.62) and numerous depositions have been taken. Armstrong has been involved in this litigation for over three years and has prepared the case for trial on several occasions.

The plaintiff does not assert any federal claims against Armstrong Relocation. However, this Court has supplemental jurisdiction over the claims against Armstrong pursuant to 28 U.S.C. §1367(a). The United States Supreme Court has held that "a federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988)(internal quotations and citations omitted). Indeed, "the Court intended this standard not only to clarify, but also to broaden, the scope of federal pendant jurisdiction." Id. Importantly, "considerations of judicial economy, convenience, and fairness to litigants support a wide ranging power in the federal courts to decide state law claims in cases that also present federal questions." Id. While the federal courts do have power to hear state law claims pursuant to §1367, in a case such as this, courts have the discretion as to whether to exercise that power. In regards to this discretionary exercise of power, the United States Supreme Court has held that

> A federal court should consider and weigh in each case, and at
> every stage in the litigation, the values of judicial economy,
> convenience, fairness, and comity in order to decide whether to
> exercise jurisdiction over a case brought in that court involving

> pendent state law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have been dropped out of the lawsuit **in its early stages** and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. …The doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values. …The pendent jurisdiction doctrine is designed to enable courts to handle cases involving state law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity, and …the judicial branch is to shape and apply the doctrine in that light.

Carnegie-Mellon University v. Cohill, 484 U.S. at 350; 351(emphasis added).

In the current matter, this Court has recommended that final judgment be entered against the plaintiff and in favor of the defendants City of Montgomery, Shelly Watts, and Edna Dumas[1] on the federal claims brought against them by the plaintiff. This Court has additionally recommended that the Court decline to exercise jurisdiction over the state law claims brought by the plaintiff, and accordingly recommends that Armstrong's Motion for Summary Judgment be denied as moot.

This case has been set to go to trial on numerous occasions. Thus, the defendant, Armstrong Relocation has done significant work to prepare this case for trial. The federal claims were not dismissed at an early stage in the litigation but in the month before trial. This case has been ongoing for over three years and the allegations against Armstrong have been fully briefed and are ripe for determination by this Court. The Recommendation of the Magistrate Judge is a 34-page Order wherein this Court makes extensive factual and legal analysis, and this Court is

---

[1] This Court entered Summary Judgment in favor of Edna Dumas despite the fact that Ms. Dumas did not file a Motion for Summary Judgment.

sufficiently familiar with this case and is in a position to make a substantive decision as to defendant's Motion for Summary Judgment.

This Court has recommended that the state law claims against Armstrong Relocation be remanded to state court for determination. Should this case be remanded to state court, the parties would have to essentially replicate the work that has already been performed in federal court with a new state court judge and trial calendar. This would result in judicial waste and would cause Armstrong Relocation to expend significant resources to defend claims that are currently ripe for adjudication in this Court.

WHEREFORE, THE FOREGOING PREMISES CONSIDERED, the defendant, Armstrong Relocation, LLC respectfully requests this Honorable Court exercise supplemental jurisdiction over the state law claims against it and enter a substantive ruling on its Motion for Summary Judgment.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for Armstrong Relocation, LLC

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Lamar Beck, Jr**
  glb@chlaw.com terrie@chlaw.com;roxie@chlaw.com

- **Terrie Scott Biggs**
  tsb@chlaw.com julie@chlaw.com

- **Michael David Boyle**
  mboyle@ci.montgomery.al.us dpercival@ci.montgomery.al.us

- **Emily C. Marks**
  emarks@ball-ball.com lhamner@ball-ball.com

- **Wallace Damon Mills**
  wmills@ci.montgomery.al.us

- **C. Winston Sheehan, Jr**
  wsheehan@ball-ball.com rsmith@ball-ball.com

- **Jeffrey Wilson Smith**
  jsmith@slatenlaw.com cmclean@slatenlaw.com

- **Micheal Stewart Jackson**
  mjackson@beersanderson.com donna@beersanderson.com;tammy@beersanderson.com

Manual Notice

**Theodore Davis**
19328 Cedar Lane
Fairhope, AL 36532

/s/ C. Winston Sheehan, Jr.
OF COUNSEL

5