RECEIVED
2007 JUN 28 P 7: 42
U.S. DISTRICT CT
MIDDLE DIST ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THEODORE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:05-cv-632-WKW-WC |
| vs. ) | |
| ) | |
| ARMSTRONG RELOCATION, LLC, ) | |
| Edna Dumas, et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO RECONSIDER AND ALTERNATIVELY MOTION FOR CONTINUANCE AND MOTION TO ENLARGE

Comes now, Theodore Davis, Plaintiff in the above styled matter, by and through his attorney, Algernon J. Cooper and shows unto the court as follows:

## FACTS

Theodore Davis (hereinafter "Ted Davis") retained the firm of Roundtree and Associates, P.C. and Michael Roundtree, Esq.(hereinafter,"Roundtree") on January 28, 2004 to represent him in a suit against his former girlfriend from whom he was purchasing a home. Roundtree filed a complaint alleging that the former girl friend,

1

with the assistance of her cousin, Eddie Woods, and the cousin's friends, the cooperation of a moving company and through the use, and cooperation, of the City of Montgomery's police officers, caused his household furnishings, clothes, art, collectibles and business records to be destroyed and/or given away. Suit was filed in the Circuit Court of Montgomery County, AL. on February 10, 2004. The City of Montgomery was added on June 27, 2005. On July 6, 2005, the City of Montgomery removed the case to this court. On August 3, 2005, Roundtree amended the complaint alleging conversion, trespass to chattel, false arrest, abuse of process, negligent training and supervision, fraud, slander, due process violations and negligence.

On June 9, 2006, Roundtree file a Motion to Withdraw as counsel to Ted Davis claiming ill health. The motion was granted eleven days later on June 13, 2006 (or alternatively on August 21, 2006. See Docket entry Document #: 63-1.) On July 19, 2006 the court entered an order giving Ted Davis a continuance to locate new counsel and rescheduling thee pretrial conference and the trial date. On August 21, 2006 the court required Ted Davis to file a status report on or before September 11, 2006 regarding his efforts to obtain new counsel.

On August 25, 2006 Collins Pettaway, Esq. of the firm Chestnut, Sanders, Sanders, Petteaway & Cambell, LLC (Hereinafter "Pettaway") was retained by Ted Davis to represent him. On December 1, 2006 Pettaway filed his appearance on behalf of Ted Davis. On April 30, 2007, Ted Davis discharged Pettaway after discovering that Pettaway had done literally nothing in the matter.

2

Ted Davis immediately began the process of obtaining new counsel, including getting all of the documents, deposition transcripts and exhibits from previous counsel. The documents and transcripts are well over a thousand pages. Davis discovered that Roundtree had neither paid nor obtained the deposition transcripts of four witnesses. Parenthetically, these transcripts have now been ordered and will be picked up in Montgomery on June 26, 2007.

Ted Davis contacted the undersigned. I was persuaded that he had been ill treated by his former counsel, that he had meritorious claims and deserved a day in court. Accordingly, I began to more thoroughly read the pleadings and to seek those pleadings which he did not have. I became comfortable enough on Thursday, June 22nd while in Texas to agree to represent him through trial and to seek a limited amount of motion practice to address the most recent summary judgment motions and, if required, to seek a reconsideration of the Magistrate's recommendations. Upon my return on Friday evening I began to frame this motion.

## ARGUMENT

I   **Motion to Reconsider**

On June 13, 2007 the court issued its Order (Document#: 90-1) denying Plaintiff's Motion to Continue. Pursuant to FRCP 60(b), the plaintiff respectfully asks the court to reconsider it denial of Plaintiff's Motion to Continue. Plaintiff has obtained new counsel who has applied to this court for admission and has submitted his Notice of Appearance.

3

Plaintiff engaged Roundtree and Associates, P.C. on January 28, 2004 to represent him in this matter. **(See Ex. 1.)** Plaintiff attempted to get several attorneys in the City of Montgomery to represent him after this court, on August 21, 2006, granted Roundtree's request to withdraw. (Roundtree)[1] withdrew pleading illness. Plaintiff was unable to obtain local counsel and finally obtained counsel in Selma, Al. on August 25, 2006. **(See Ex. 1)** Plaintiff provided new counsel, Pettaway, with all documents received from his former counsel Roundtree.

Collins Pettaway, Esq. represented Plaintiff from August 25, 2006 to April 24, 2007. During that period of time, despite repeated inquiries from Plaintiff, Pettaway failed to take a number of necessary actions on behalf of Plaintiff. Accordingly, Plaintiff terminated Pettaway and began searching for a new attorney. As the court knows, finding a lawyer to take on a case in the posture of this matter is very difficult.

Having found an attorney to consider representing Plaintiff, the attorney required Plaintiff to obtain necessary documents, including transcripts, for the attorneys to review. The attorney agreed to read the pleadings and depositions in hand once and to make a decision. That decision was made in the last several days, June 23rd to be exact. **(See Ex. 2)**

Plaintiff has obtained directly from the court reporter deposition transcripts

---

[1] Upon information and belief, former counsel Roundtree was not ill such that he could not continue to represent Plaintiff, but rather Roundtree wanted to exit the case for non permissible reasons and further that Roundtree mislead both the court and the Plaintiff.

which should have been obtained by previous counsel Roundtree.[2] The failure of both previous counsels to obtain these transcripts was through no fault of plaintiff. Plaintiff was never requested by either former counsel to assist financially, or otherwise, in obtaining the transcripts.

Failure of Plaintiff to comply with the orders, directions and requests of this court were in no way intended to display disrespect to this court but rather was the result of inadvertence and excusable neglect. The Plaintiff has a meritorious case and granting Plaintiff's Motion will not in any way prejudice the other parties. The reason for the delay was beyond "the reasonable" control of Plaintiff. Pioner Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 391, 113 S.Ct. 1489, 1496 (1993).

## II. Motion to Show Cause and Recommendation of the Magistrate Judge

On May 22, 2007 the court issued its Order(Document#: 85-1) requiring Ted Davis to show cause why the court should not dismiss his claims against certain "unknown" defendants; On June 11, 2007 the court issued its Recommendation Of The Magistrate Judge (Document#: 87-1). Plaintiff seeks the court's permission, pursuant to FRCP 6(b) and FRCP 60(b), to respond to the issue of claims against unknown defendants by reopening discovery narrowly limited to the identity of the city actors allegedly involved.

The plaintiff also asks the court to withdraw its recommendations to the District Court so that the Plaintiff may reply to the summary judgment motions and the

---

[2] Plaintiff paid for and received the transcripts on June 27, 2007.

other related issues. It is the Plaintiff determination to more narrowly define the issues before the court and to take such steps as are called for by the proof available, including, where appropriate, the voluntary dismissal of certain defendants.

The plaintiff has never sought to delay these proceedings and has cooperated in discovery in every way. Plaintiff has not had control over the members of the Bar of this court and begs that he not be penalized as a result of their failures.

This 28th day of June,

Respectfully submitted,

/s A. J. Cooper

Attorney for Plaintiff Theodore Davis
A. J. Cooper, COO080
CooperLaw, P.C.
21 South Section Street
Fairhope, AL 36532
(251) 928-5720
Fax: (251) 928-5721