IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THEODORE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-632-WKW |
| ) | |
| ARMSTRONG RELOCATION, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court are the Recommendation of the Magistrate Judge (Doc. # 87), the objection (Doc. # 92) of Defendant Armstrong Relocation, LLC ("Armstrong"), and the plaintiff's Motion to Reconsider and Alternatively Motion for Continuance and Motion to Enlarge (Doc. # 93).

The plaintiff has retained new counsel and filed the instant motion for reconsideration. The court construes the motion (Doc. # 93) as an objection to the June 13, 2007 Order of the Magistrate Judge (Doc. # 90) denying the plaintiff's motion to continue (Doc. # 88), which was filed the day after the Recommendation was entered. Under the guidance of Rule 72 of the Federal Rules of Civil Procedure, and after an independent review of the plaintiff's motion to continue, the Magistrate Judge's Order, and the plaintiff's objection thereto, the court finds that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a). Therefore, the objection will be overruled.

The plaintiff also seeks to reopen discovery for the limited issue of identifying the fictitiously named defendants. For the reasons stated in the Recommendation, this motion will be denied. The plaintiff further seeks to have the Recommendation withdrawn and to enlarge the time within which the plaintiff may respond to the defendants' summary judgment motions "to more

narrowly define the issues before the court and to take such steps as are called for by the proof available, including, where appropriate, the voluntary dismissal of certain defendants." (Doc. # 93, at 6.) Although the court is somewhat sympathetic to the plaintiff's situation, if his representations are in fact true, the court must temper this sympathy with fairness to all parties. Not only were the motions for summary judgment filed well over a year ago, but the plaintiff also filed responses, with evidentiary submissions, to those motions. Plaintiff's first counsel did not withdraw until approximately two months after the responses were filed. The plaintiff had a full and fair opportunity to make his case. To allow the plaintiff a "do over," *after the issues have been clarified by the Magistrate Judge*, would be unprecedented. As such, the motion will be denied.

The Magistrate Judge recommends granting the City of Montgomery and Officer Shelley Watts' Motion for Summary Judgment (Doc. # 37), which would resolve all federal claims, and remanding the action back to state court. The latter action would come at the expense of Armstrong's pending Motion for Summary Judgment (Doc. # 34), which the Magistrate Judge recommends be denied as moot. In its objection, Armstrong maintains that considerations of judicial economy, convenience, and fairness to the litigants support this court's maintenance of jurisdiction over the lawsuit and resolution of the state law claims. Though Armstrong concedes that the court has discretion to exercise supplemental jurisdiction, it also argues that it has been involved in this litigation for over three years and has prepared for trial on several occasions, including the trial date set for July 9, 2007.[1] Moreover, Armstrong claims the court is sufficiently familiar with the facts to be in a position to make substantive decisions on its motion for summary judgment.

---

[1] In fact, the case was continued to the December 10, 2007 trial docket by order (Doc. # 80) dated May 8, 2007.

If the federal claims over which the court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002). The court has given careful consideration to the arguments of Armstrong, but finds that its objection should be overruled. First, while the Magistrate Judge and this court have spent significant time working through the case, none of the work focused on the state law claims. Second, should Armstrong prevail on its motion for summary judgment, the action would continue to trial because several individual defendants against whom state law claims are pending did not file summary judgment motions. Third, considerations of judicial economy also implicate this court's resources and docket, a factor which operates against exercising pendent jurisdiction over purely state law matters. Finally, the action began in state court, where Armstrong may renew its motion for summary judgment.

Accordingly, it is ORDERED that:

1. The plaintiff's Objection (Doc. # 93) is OVERRULED;

2. The plaintiff's Motion for Continuance (Doc. # 93) and Motion to Enlarge (Doc. # 93) are DENIED;

3. Defendant Armstrong's Objection (Doc. # 92) is OVERRULED;

4. The Recommendation (Doc. # 87) of the Magistrate Judge is ADOPTED;

5. All claims against unidentified defendants are DISMISSED with prejudice;

6. All claims against Defendant Eddie Woods are DISMISSED without prejudice;

7. With respect to all federal claims, judgment will be entered in favor of Defendant Edna Dumas and against the plaintiff;

8.     The City of Montgomery's and Officer Shelley Watts's Motion for Summary Judgment (Doc. # 37) is GRANTED; and judgment will be entered in favor of The City of Montgomery and Officer Shelley Watts and against the plaintiff;

9.     There being no basis for federal jurisdiction, the court declines to exercise supplemental jurisdiction of the plaintiff's state law claims; and the case is REMANDED to the Circuit Court of Montgomery County, Alabama;

10.    In light of the remand, Defendant Armstrong's Motion for Summary Judgment (Doc. # 34) is DENIED without prejudice as moot; and

11.    The Clerk is DIRECTED to take appropriate steps to effect the remand.

An appropriate judgment will be entered.

DONE this 23rd day of August, 2007.

                                              /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE